(109 App. Div. 87.)

## AXELROD v. NEW YORK CITY RY.

(Supreme Court, Appellate Division, First Department. November 24, 1905.)

1. NEGLIGENCE—BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.

In an action for injuries, plaintiff has the burden of proving freedom from contributory negligence.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, § 229.]

2. SAME—EVIDENCE—SUFFICIENCY.

  Less evidence is required of a personal representative as to freedom from contributory negligence of a decedent than is required in the case of a living person.

  [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Death, § 76.]

3. STREET RAILROADS—INJURIES—PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.

  In an action for death, evidence that deceased stepped off a street car, and went around behind the same, and was struck by a car approaching on the next track from the opposite direction, did not warrant a verdict for plaintiff, because of the absence of evidence of due care on the part of deceased.

  Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by Gazelle Axelrod, administratrix, against the New York City Railway. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

R. R. Rogers, for appellant.

A. B. Greenberg, for respondent.

McLAUGHLIN, J. There is nothing in the record before us which shows, even inferentially, that the intestate exercised any care whatever before attempting to cross defendant's tracks. On this point there is no dispute as to the facts. On Avenue A the defendant operates two lines of cars; the tracks upon which the cars going in a northerly direction are run being on the easterly, and those going in a southerly direction on the westerly, side of the avenue, and the distance between them is a little over five feet. On the evening of March 28, 1904, the intestate was a passenger on a northbound car. He alighted at 90th street, the car stopping for that purpose at the southerly cross-walk. After leaving the car, he immediately passed around the rear end of it, and attempted to cross the tracks upon which the southerly cars were run, and in doing so was struck and killed by a car going in that direction. Whether he had succeeded in getting onto the track, or was just in the act of doing so, did not appear. The only evidence bearing upon his act after leaving the northbound car was the testimony of the plaintiff's witness Walters, who stated:

"I first seen the man when he started to walk around the northbound car, as I take for granted he got off. There was a northbound car there at the time. The northbound car, when I first saw it, was stopped at the southwest corner of 90th street. * * * I did not see the man do anything but walk from the time I saw him. He walked westerly, in a westerly direction, straight. There was nothing unusual about his gait—nothing peculiar about it—not that I noticed. He was near the southbound tracks when he was struck. I could not say he had crossed any part of the southbound tracks. * * * The man was walking an ordinary walk. I could not say whether it was a fast or slow walk; a man's ordinary walk. I did not see him look in any direction before he attempted to cross. He did not have anything in his hands."

  95 N.Y.S.—68

There was some conflict between the plaintiff's witness and those called by the defendant as to just what happened immediately prior to the time when the deceased was struck by the car; but adopting the testimony of plaintiff's witness (and his is the most favorable to her), I do not see how this recovery can be sustained. The testimony does not show that the intestate exercised any care whatever. The car was lighted. There was nothing to obstruct his vision. The danger was apparent, and had he used his eyes, as he was bound by law to do, it must have been evident to him. It may be conceded that there was sufficient evidence to go to the jury on defendant's negligence, but that does not aid the plaintiff, because she was obligated to prove, before she was entitled to recover, that the intestate was himself free from negligence, and in this respect she utterly failed. Defendant's motions to dismiss the complaint at the close of her case and at the close of the trial should have been granted, and the exceptions taken to the rulings denying such motions must be sustained. It is true that less evidence is required of a personal representative as to contributory negligence of a decedent than would be required in case of a surviving person. Schafer v. Mayor, 154 N. Y. 466, 48 N. E. 749. But in such cases some evidence must be given from which the jury can find the intestate did exercise the care required by law. Here, as already indicated, there was nothing which would justify such finding, unless it be the death of the intestate, and that is insufficient. An inference cannot be drawn from a presumption that he would exercise care and prudence in regard to his own life and safety. Wiwirowski v. Lake Shore & M. S. R. Co., 124 N. Y. 420, 26 N. E. 1023.

Numerous authorities might be cited both in the Court of Appeals and in this court showing upon the facts here presented that plaintiff was not entitled to recover. The following, however, are sufficient: Perez v. Sandrowitz, 180 N. Y. 397, 73 N. E. 228; Reed v. Metropolitan St. Ry. Co., 180 N. Y. 315, 73 N. E. 41; Pinder v. Brooklyn Heights R. Co., 173 N. Y. 519, 66 N. E. 405; Little v. Third Ave. R. Co., 83 App. Div. 330, 82 N. Y. Supp. 55; affirmed 178 N. Y. 591, 70 N. E. 1102.

I am of the opinion that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event.

O'BRIEN, P. J., and INGRAHAM and LAUGHLIN, JJ., concur.

INGRAHAM, J. I concur in Mr. Justice McLAUGHLIN'S opinion. I think this case is controlled by Reed v. Metropolitan Street Ry. Co., 180 N. Y. 315, 73 N. E. 41, where Judge Bartlett, delivering the opinion of the court, says:

"A person passing behind the rear of a car, and stepping onto the track where a car may be approaching from the opposite direction, is bound to satisfy himself that the way is clear. It is apparent that the slightest caution on the part of this plaintiff would have advised him of the presence of the approaching car, and avoided this accident."

The evidence is uncontradicted that the deceased walked behind a northbound car, from which he had alighted, stepped onto the southbound track, walked leisurely, and was struck by the southbound car.

This southbound car was lighted; nothing to prevent the deceased from seeing it if he had looked, and the conclusion is therefore irresistible that he passed from behind the rear of the car from which he had alighted onto the southbound track without looking or having seen the approaching car, walked directly in front of it; he being, in either case, guilty of contributory negligence.

LAUGHLIN, J., concurs.

PATTERSON, J. (dissenting).   The plaintiff, as administratrix of David Axelrod, recovered a judgment against the defendant in an action brought for damages caused by the death of her intestate under the following circumstances:   On the evening of March 28, 1904, David Axelrod was a passenger on one of the defendant's northbound cars on Avenue A, in the city of New York.   He left the car near 90th street.   According to an ordinance of the city of New York then in force, the car stopped below the south cross-walk at 90th street, and the decedent alighted at the proper place.   After descending from the car, he walked around the southerly end of it, to cross to the west side of Avenue A.   As he was crossing, and while he was on or very near the westerly track, he was struck by a southbound car and killed.   It appears by the testimony of one Walters that he saw the intestate after he had passed around the back of the northbound car, and was between the eastbound and west tracks. This witness also testified that at that time he saw a car coming down town, being the same car which struck the plaintiff, in the block between 91st and 90th streets.   From the testimony it would appear that, when this witness, Walters, saw the southbound car and the plaintiff's intestate passing behind the northbound car, the former car, according to the measurements given in the testimony, was at least 80 or 85 feet north of the point at which the decedent was struck.   The car from which he alighted had stopped at the place required by the ordinance.   The car which struck him was proceeding at a great rate of speed, and no signal was given and no bell was rung, and it seems to be admitted that negligence on the part of the motorman in charge of the defendant's car was proven. But it is claimed that there is no evidence to show that the plaintiff's intestate was free from contributory negligence.   There is no positive evidence that he either stopped or looked or listened.   It is settled in the law that in a case such as this less evidence is required of a personal representative as to contributory negligence of a decedent than would be required in the case of a surviving person. Schafer v. Mayor, 154 N. Y. 466, 48 N. E. 749; citing cases.   Nevertheless, the plaintiff's intestate was bound to exercise reasonable care, and if there is any evidence on this subject of contributory negligence, it was properly submitted to the jury.   There may be cases in which it appears from the whole evidence that even if an intestate failed to look and listen, that would not convict him of contributory negligence, if he, under all the circumstances, would have been justified in attempting to cross the track.   In such cases contributory negligence, as matter of law, cannot be attributed.   There is evi-

dence here to show that, when the intestate undertook to pass to the west side of the avenue, the car which struck him was from 90 to 125 feet away. Walters testified:

"I had seen the southbound car coming from the ferry before the northbound car came to a stop to let the deceased off. The southbound car, when I first saw it, was well up the block—well up the block when I first saw it—the block between Ninety-First and Ninety-Second streets; more than a block away from where the accident happened when I first saw the car."

The witness further says:

"I want the gentlemen of the jury to understand that when the northbound car—the one on which the deceased had been a passenger—came to a stop, the southbound car, being the one that afterwards struck him, was over a block away; over a block, or about a block. And I want the gentlemen to understand that while the deceased was walking across the northbound track and the space between the two tracks, this car traveled a distance of over a block—the car which afterwards struck him traveled a distance of over a block while he was walking that short distance—about a block."

I think it was for the jury to say, under these circumstances, whether it was negligence on the part of the plaintiff's intestate to cross without looking when the car was a block away from him when he started to cross. If he had seen that car, he would have been authorized to believe that it was under the control of the motorman. We do not know whether the plaintiff did or did not look, but had he looked, and had he seen a car a block away when he passed behind the car from which he alighted, it was for the jury to say whether it was contributory negligence in attempting to cross. In this respect the case of Monck v. Brooklyn Heights R. Co., 97 App. Div. 447, 90 N. Y. Supp. 818, is in point. Here it cannot be said, as matter of law, that had the plaintiff looked, and had he seen the approaching car, he would have been chargeable with contributory negligence in proceeding to cross the tracks.

So far as the question of excessive damages is concerned, I think there is enough in the record to support the verdict.

I think the judgment should be affirmed.