(113 App. Div. 155)

## McGREEVY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department.   May 11, 1906.)

STREET RAILROADS—INJURIES TO TRAVELER—CONTRIBUTORY NEGLIGENCE.

    A passenger on alighting from a street car passed behind the car, and started to walk diagonally across an adjoining track, when he was struck by a car approaching from the opposite direction. Had he looked he could have seen the approaching car, which was a short distance from him, and approaching rapidly. His waiting for a moment until the car had passed would have avoided the accident. *Held*, that he was guilty of contributory negligence as a matter of law.

    [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 207, 208.]

    Houghton, J., dissenting.

Appeal from Trial Term, New York County.

Action by Dominick McGreevy, as administrator of Michael McGreevy, deceased, against the New York City Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Charles F. Brown, for appellant.

Hugo Wintner, for respondent.

INGRAHAM, J. The only question presented upon this appeal is whether the finding by the jury that the deceased was free from contributory negligence can be sustained. One of the witnesses called by the plaintiff testified that he was a street sweeper; that on the 9th day of July, 1904, he was standing on Amsterdam avenue, between 180th and 181st streets, on the curb, at a distance of 60 feet below the southerly cross-walk of 181st street; that while standing there he saw a man get off a north-bound car, and start to cross the avenue to the west; that this man got off the car, came around behind it, looked up and down, and walked on towards the west, crossing the south-bound track; that when he started to cross a south-bound car was on the north side of 181st street, coming down; that it did not stop on the north side of 181st street, but continued down, and struck the deceased as he was upon the track; that as the witness saw this man about to cross the south-bound track he yelled; that the motorman commenced to stop the car, but it was then within 3 feet of the deceased; that when the witness saw the south-bound car at the north side of the northerly crossing of 181st street, the deceased was about in the center, between the two tracks; that there is a space of 7 or 8 feet wide there, and that the car was coming at a good rate of speed, estimated by the witness at about 20 miles an hour. Upon cross-examination the witness said that the deceased when he was struck was about 60 feet from the south corner of 181st street; that when he first saw the deceased he was in the neighborhood of 3 or 4 feet from the south-bound track; that when he saw him there he looked up, and saw the car coming south, and, as the deceased was approaching the

witness, he knew from the speed at which the car was coming that it would strike him; that when the witness hallooed out the deceased looked up, and saw that the car was nearly on him, and the witness saw that he could not get out of the way in time; that the deceased was stepping over the first rail of the south-bound track when the witness shouted, and the car was then 3 feet away. A passenger upon the north-bound car, called for plaintiff, testified that he saw the deceased on the car; that the car stopped on the south side of the southerly cross-walk; that the deceased got off and started to cross to the west side of the avenue behind the north-bound car; that he started to cross before the north-bound car started; that as the deceased got off the car the witness said to him, "Be careful, now," to which the deceased said, "All right"; that he turned right around as he got off the car, and came around the back of the car; that he crossed towards the southwest diagonally, and as he got about midway the second track the south-bound car was about 10 feet from him; that the motorman rang the bell and hallooed, and the witness hallooed too at the same time; that the motorman applied the brake, and threw off his lever, but the deceased kept going, and got right near the end rail, and as he got near the end rail he got bewildered, and kind of turned around and run back again, and at that time the fender of the car struck him just above the ankle; and that the witness did not see the car coming south until the deceased stepped upon the track. This witness remembered particularly that the south-bound car rang a bell. It thus appealed from the plaintiff's evidence that the deceased alighted from the car upon which he was a passenger and walked behind it, when a car was on the north side of 181st street coming rapidly down town; that he started to walk diagonally across the downtown track towards the southwest, and when he got upon the first rail of the downtown track the car was but a short distance (from 3 to 10 feet) from him. There was nothing to obstruct his view or distract his attention, and no reason is given why he stepped in front of the car when an accident was inevitable. One of the plaintiff's witnesses says that when he saw the deceased step upon the track he hallooed because he knew that a collision was inevitable. There is no reason why the deceased should not have known that the collision was inevitable when he stepped upon this track as well as the witness. No fact is proved to excuse this act, and the accident was therefore the direct result of the deceased stepping in front of an approaching car.

The case is within the principle established in Reed v. Metropolitan St. R. Co., 180 N. Y. 315, 73 N. E. 41, and Axelrod v. N. Y. City Ry. Co. (decided at the last term of this court, but not yet officially reported) 95 N. Y. Supp. 1072. In the Reed Case the plaintiff stepped off the north-bound car at the corner of Eighth avenue and Eighty-First street, walked behind the car, and walked onto the south-bound track, when he was struck by a south-bound car. The court held that:

"The situation discloses the failure to exercise ordinary caution. A person passing behind the rear of a car, and stepping onto the track where a car may be approaching from the opposite direction, is bound to satisfy himself that the way is clear. It is apparent that the slightest caution on the part of this

plaintiff would have advised him of the presence of the approaching car, and avoided this accident."

In the Axelrod Case we applied this same principle, and these cases are controlling. The deceased, crossing the avenue in a diagonal way, not upon a cross-walk, if he had looked could have seen this car approaching. He continued walking southwesterly on to the track when the car was a short distance from him, approaching rapidly, and was struck before he got off. Waiting for a moment until the car passed would have avoided the accident, and the accident happened, therefore, because of deceased's negligence.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

HOUGHTON, J. I concur in the reversal of this judgment only on the ground that the verdict was against the weight of evidence as to the contributory negligence of the deceased. I do not think he was negligent as a matter of law.