(158 App. Div. 810.)

BECKER v. FARGO.

(Supreme Court, Appellate Division, Second Department. November 14, 1913.)

1. NEGLIGENCE (§ 134*) — INJURIES TO LICENSEE — ACTIONS — SUFFICIENCY OF EVIDENCE.

Evidence, in an action for personal injuries by being struck by the motor truck of defendant express company while plaintiff was inside of defendant's depot, *held* not to show negligence by the driver of the truck in not giving signals.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

2. NEGLIGENCE (§ 134*) — INJURIES TO LICENSEE — ACTIONS — SUFFICIENCY OF EVIDENCE—IMPROPER SPEED.

Evidence, in an action for personal injuries by being struck by the motor truck of defendant express company while plaintiff was inside of defendant's depot, *held* not to show negligence by defendant in running at an improper speed.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. EVIDENCE (§ 586*)—NEGATIVE EVIDENCE.
    Plaintiff's negative proof as to signals not being given of the approach of defendant's motor truck would not prevail over positive evidence that signals were given, even if such evidence was by defendant's servant, since evidence need not be rejected on account of interest and should not be arbitrarily rejected on that account.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2432–2435; Dec. Dig. § 586.*]

4. NEGLIGENCE (§ 67*)—CONTRIBUTORY NEGLIGENCE.
    If plaintiff went down into a roadway leading into the depot of defendant express company without looking or taking other precautions to prevent injury from defendant's motor trucks, he was guilty of contributory negligence.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 90, 91; Dec. Dig. § 67.*]

Appeal from Trial Term, Kings County.

Action by Henry Becker against James C. Fargo, as president of the American Express Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and STAPLETON, JJ.

John G. Milburn, Jr., of New York City, for appellant.
Nicholas W. Hacker, of New York City, for respondent.

JENKS, P. J. [1; 2] The action is for negligence. The plaintiff, when at best a licensee in the roadway inside the depot of the defendant was struck and injured by its incoming motor truck. The negligence imputed is absence of signal, and improper speed. I think that the plaintiff did not establish either fault.

The plaintiff testifies that he did not hear any horn or sound. His witness Flanagan, who was inside of the structure, testifies that he did not hear any horn. His witness Armstrong, who was at the entrance, cannot remember whether he heard any horn or signal. The plaintiff is silent as to the speed. Flanagan thinks "it was going about a little bit of speed; six or seven miles an hour, not going faster." In his written statement, brought to his attention by the plaintiff, he had called the speed "fast." He testifies finally that he did not know the speed of any "auto." Armstrong testifies that he did not know the speed.

"It was going—pretty slow. It wasn't going very fast; * * * about as fast as a team of horses could walk."

The motorman testifies that when he was about four feet from the opposite side of the street he sounded his horn and proceeded to enter the building "about as fast as any man could walk"—at the rate of about four miles an hour. The physical facts aid credence. He worked an Alco three-ton truck, geared down to 12 miles an hour, and he was limited to 8 miles an hour. The truck was 5 feet wide and about 20 to 22 feet long. He had traveled in a street about 23 feet

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

wide from curb to curb, and he was compelled to make a sharp right-angled turn therefrom into this building, up a slope of 6 or 8 inches, so that the slope rose about 18 inches. Under the necessary conditions of stopping and then starting at first speed, he testifies that the car could not go faster than his estimate. Moreover, there were men in the doorway as he came along, and I note that plaintiff's witness Armstrong, who was of the number, testifies, "When I stepped out of the way for this car to go by me," etc. And it must be remembered that the course of the motorman was into a building—his journey's end.

[3] I have shown that the proof adduced by the plaintiff upon the issue of signal is negative. It will be remembered that the testimony of the motorman is positive that he sounded his horn. There is a bit of testimony that makes for the probability that he did so. For he says: "I noticed men standing by the door as I was going in; gave warning that I was coming." There is no question that there were men at the doorway who must, like the plaintiff's witness Armstrong, have moved aside to make way for the truck. Under the rule of Culhane v. N. Y. C. & H. R. R. R. Co., 60 N. Y. 133, and like cases, the plaintiff's negative proof should not prevail even though the positive proof contra was given by a servant of the defendant. For testimony on account of interest need not be rejected, and should not be rejected "capriciously or arbitrarily." See Abramovitz v. Tenzer, 144 App. Div. 170, 128 N. Y. Supp. 951; citing Hull v. Littauer, 162 N. Y. 569, 57 N. E. 102.

[4] The preponderance of evidence shows that the plaintiff went down the incline and entered the roadway without looking or listening, when he had reached a point where he could have done so. I think the testimony, aside from that of the plaintiff, is that he had his back to the car. The jury should have been charged that if the plaintiff went down into the roadway by the incline and did not look or take any other equivalent precaution, he was guilty of negligence.

I think that there should be a new trial granted; costs to abide the event. All concur.