VIVIAN MATUTINOVICH, as Administratrix, etc., of MATTHEW MATUTINOVICH, Deceased, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, March 6, 1918.

Railroads — negligence — death of person crossing railroad tracks — issue as to whether danger signal was given — testimony of witnesses who did not hear signal — erroneous charge.

Action to recover for the death of a person who, while driving an automobile truck across the tracks of the defendant railroad company near its station, was struck by a train running at fifty or fifty-five miles an hour. The negligence found by the jury was that no signal or warning was given of the approaching train, on which issue the defendant produced affirmative testimony that an automatic bell on the engine had been continuously ringing for some time, and that a whistle was blown, while the plaintiff's

witnesses, who were not listening, merely testified that they did not hear any signal.. It also appeared that there was an employee of the defendant walking on the track ahead of the train as it approached the station, affording an additional reason for sounding a danger signal.

Under the circumstances the defendant was entitled to have the jury instructed that, as against the affirmative testimony of credible witnesses to the ringing of the bell and sounding of the whistle, there must be something more than the testimony of persons who did not hear them to authorize the submission to the jury.

Hence, it was reversible error for the court to charge that, while the rule aforesaid had been held by some courts, the jury might say whether or not the bell was rung, or the whistle blown.

APPEAL by the defendant, The New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Greene on the 25th day of April, 1917, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Amos Van Etten,* for the appellant.

*John C. Robinson* [*Gilbert D. Steiner* of counsel], for the respondent.

COCHRANE, J.:

This is an action for negligence causing the death of the plaintiff's decedent. He was crossing the tracks of the defendant at its station at Alsen in an automobile truck operated by himself, when the automobile was struck by a passenger train proceeding at a rate of fifty or fifty-five miles an hour and he was killed. The crossing is assumed to have been a public highway crossing and was within about twenty-five or thirty feet of the defendant's passenger station.

The negligence of the defendant found by the jury was that no signal or warning was given of the approaching train. The engineer whose duty it was to give the signal, and the fireman who was called as a witness by the plaintiff, both testified that the engine was equipped with an automatic bellringer which was ringing continuously from the time the train left Ravena, many miles distant, where the engine was attached to the train, until after the accident, and also that the whistle was blown as the train approached the crossing.

Five other employees of the defendant and a passenger on the train testified that they heard the whistle. There was a whistling post 800 or 1,000 feet north of the station. Not only was there a highway crossing and a station at the place of the accident, but it also appears that an employee of the defendant was walking on the track ahead of the train near the station, so that there was a three-fold reason for giving a danger signal and a signal which would meet the requirements of any one of these reasons was sufficient to warn the deceased if he had been listening for such warning.

As against the foregoing positive testimony that the signals were given, the plaintiff produced four witnesses who did not hear any signal, but they were not listening. It has been frequently held that negative testimony of this character does not suffice to carry a case to the jury. (*Culhane* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 133; *McKeever* v. *N. Y. C. & H. R. R. R. Co.*, 88 id. 667; *Foley* v. *N. Y. C. & H. R. R. R. Co.*, 197 id. 430; *Fowler* v. *N. Y. C. & H. R. R. R. Co.*, 74 Hun, 141; affd., 147 N. Y. 717; *Rainey* v. *N. Y. C. & H. R. R. R. Co.*, 68 Hun, 495; *Becker* v. *Fargo*, 158 App. Div. 810; *Young* v. *Erie R. R. Co.*, Id. 14, 21; *Glennon* v. *Erie R. R. Co.*, 86 id. 397; affd., 180 N. Y. 562; *Durkee* v. *Delaware & Hudson Canal Co.*, 88 Hun, 471; *Griffith* v. *Long Island R. R. Co.*, 147 App. Div. 693.)

The plaintiff on the other hand cites the following cases: *Greany* v. *Long Island R. R. Co.* (101 N. Y. 419); *Henavie* v. *N. Y. C. & H. R. R. R. Co.* (166 id. 280); *Browne* v. *N. Y. C. & H. R. R. R. Co.* (87 App. Div. 206; affd., 179 N. Y. 582); *Hintze* v. *N. Y. C. & H. R. R. R. Co.* (149 App. Div. 217); *Bohringer* v. *Campbell* (154 id. 879).

It would not be serviceable and it is not necessary in this case to attempt to distinguish the two sets of authorities although I think that the conflict if any between the authorities is more shadowy than substantial, and that it would not be difficult to draw a distinction and establish a practical and workable line of demarcation between the two classes of cases.

All the authorities agree that there must be something more than the testimony of witnesses that they did not hear the signal in order to give such testimony any probative force. The latest declaration of the Court of Appeals on

this subject is contained in *Foley* v. *N. Y. C. & H. R. R. R. Co. (supra)*, where that court cites with approval from the opinion in *Culhane* v. *N. Y. C. & H. R. R. R. Co. (supra)*, as follows: " The two witnesses for the plaintiff merely say they did not hear the bell, but they do not say that they listened or gave heed to the presence or absence of that signal. The judge in his charge, says ·they listened, but the statement is not borne out by the evidence. As against positive, affirmative evidence by credible witnesses to the ringing of a bell or the sounding of a whistle, there must be something more than the testimony of one or more that they did not hear it, to authorize the submission of the question to the jury. It must appear that they were looking, watching and listening for it, that their attention was directed to the fact, so that the evidence will tend to some extent to prove the negative." None of the authorities cited by the respondent are in conflict with the foregoing statement of a legal proposition nor would they merit consideration even if they did conflict therewith as against the latest declaration of the court of last resort on that proposition.

Hence, there was pertinency in the request of defendant's counsel that the jury be instructed as follows: " As against positive, affirmative evidence, by. credible witnesses to the ringing of a bell or the sounding of a whistle, there must be something more than the testimony of one or more that they did not hear it to authorize the submission of the question to the jury. And I ask your Honor to charge in this case that the jury must in arriving at a verdict find some evidence other than the testimony of witnesses that they did not hear a whistle or bell to make it an issue with the positive testimony that the whistle was blown and the bell rung." This request contained a correct statement of the law as declared by all the authorities and the defendant was entitled to have it charged without qualification or limitation. The court disposed of the proposition as follows: " I think that has been so held by some courts, and I leave it to the jury in this case to say whether or not the bell was rung or the whistle blown," to which the defendant excepted. A statement that a certain proposition has been held by some courts falls far short of the statement that such is the law. In fact the statement

of the court carried with it the implication that he doubted whether such was the law.   It certainly was not an instruction to the jury that such was the law in this case binding them in their deliberations, but it left them at liberty to disregard it.   The case as it was submitted to the jury was at best a close one for the plaintiff and the point involved was a vital one constituting as it did the only ground for the negligence which has been found, and the failure to instruct the jury as requested may easily have given the case to the plaintiff. The error bearing as it does not incidentally but directly on a vital and important question in a close case must be deemed to have been prejudicial.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.