STOWERS *v.* CITIZENS STREET RAILWAY COMPANY.

[No. 2,593.    Filed January 24, 1899.]

STREET RAILROADS.— *Passenger.— Pedestrian. — Contributory Negligence.*—Plaintiff was a passenger on a south bound street car operated by defendant company; he alighted at midnight about twenty feet north of a street crossing and started hurriedly across the track behind the car, and walked against the side of a car coming in the opposite direction on a parallel track five feet distant. The car with which he collided was lighted with electricity, and could have been readily seen. *Held*, that plaintiff was guilty of contributory negligence.

From the Marion Superior Court. *Affirmed.*

*Holtzman & Leathers*, for appellant.

*Will H. Latta*, *W. H. H. Miller* and *J. B. Elam*, for appellee.

COMSTOCK, J.—This action was for personal in-

juries, was tried by a jury, and a special verdict returned, on which, upon motion of appellee, the court rendered judgment in its favor. The only error assigned upon this appeal is the action of the court in sustaining appellee's motion for judgment on the special verdict. Counsel for appellee, before entering upon the discussion of questions discussed in appellant's brief, contend that the record presents no question for this court, because appellant made no motion of any kind in the court below; that this court cannot order a new trial, for none has ever been asked; that it cannot order the court below to render judgment for the appellant, for no such judgment was ever asked. Having examined the record with a view of passing upon the merits of the cause, and reached the conclusion that the judgment of the trial court should be affirmed, we do not deem it necessary to pass upon said preliminary question. We need only to refer to the familiar rule, without citing authorities, that the special verdict must find such facts as entitle the party bearing the burden of proof to a judgment; that in the case before us, to have entitled appellant to a judgment, the facts found by the special verdict should show that appellant received the injuries complained of through the fault of appellee, and without any negligence on his part contributing thereto. The special verdict found many facts, but no inference of negligence upon the part of either party. The verdict does not find that appellant acted, under the circumstances, as a reasonably prudent person, or that appellee's employes did not act with reasonable prudence. Questions of this character might have been properly submitted to the jury; they were not. Board, etc., v. Bonebrake, 146 Ind. 311. The question is, therefore, whether the verdict, wanting this inference, finds such facts as required the court to declare appellee

guilty and appellant free from negligence. Some of the findings of the jury pertinent to the question of appellant's contributory negligence are palpably in conflict with one another. But the following facts are clearly found: On the 18th day of December, 1894, when appellant was injured, he knew that the appellee had a double line of street railroad tracks on College avenue in the city of Indianapolis, and took passage on the south bound car at the corner of College avenue and Seventh street, about twelve o'clock and forty-two minutes a. m. on said date. Appellant rode on the platform of said car a distance of about six squares, to the vicinity of Cherry street, which street crosses College avenue at right angles, and extends east from College avenue to the Massachusetts Avenue Depot. He was in great haste to reach the railroad depot on Massachusetts avenue to catch a train, and had but very little time to do it. He did not wait for the car on which he was riding to stop, or even to reach, the Cherry street crossing. He stepped from it some fifteen or twenty feet north of the north crossing, which was the first crossing reached by the car. He stepped off on the west side of the car on which he was riding. The car that he collided with was approaching from the south, on the east track. The car from which he alighted continued its journey, and obstructed the view of the car approaching from the south on the other track. Appellant then walked rapidly to the southeast, looking to the south, and walked into a car coming north, striking it with the left side of his head near the vestibule door. He was not yet upon the street crossing, but was going in an angling direction across the street, intending to come out upon a street crossing at the east side of College avenue. He listened, according to the verdict of the jury, but could hear nothing. The noise of the car

from which he had just alighted did not make it difficult for him to hear the approaching car, yet he did not hear a car coming in the quiet of midnight, at the rate of at least fifteen miles an hour, but walked against it, without knowing that it was in the neighborhood. The car which struck him was lighted with electricity. The headlight was burning. The distance at the point where appellant was crossing College avenue, between the east rail of the west track and the west rail of the east track, was five feet. The view between the tracks looking to the south was unobstructed, and he "could see in that direction as far as the eye could see," to use the language of one of the findings of the jury. Without reference to the manner in which appellee's car was operated, the facts found show that appellant was hurrying across the street car tracks, and walked against the vestibule door at the side of the car, before he got upon the track, and after the motorman and part of the vestibule, with its headlight, had passed him. It was the conclusion of the trial court that the appellant was not entitled to recover under the facts, in the absence of a direct finding of the jury that he acted as a reasonably prudent person under the circumstances. Nor can this court say, as a matter of law, that his conduct was that of a reasonably prudent person.

The learned counsel upon both sides have favored the court with numerous citations of authorities. We have not deemed it necessary to set them out in this opinion. The number might easily be multiplied. These reported cases are, as a rule, based upon the peculiar circumstances of the particular case. We are not called upon to approve or to criticise any one of them. The law requires the traveler approaching a street railway crossing to use the caution of an ordinarily prudent person. When a special verdict is

returned, the law requires that it should show, to enable the party upon whom the burden of proof rests, the exercise of such care, the employment of the natural senses to discover danger; that with ordinary vision he must see danger which is plainly in view. In the case before us, we, cannot say that the court erred in its ruling, and that appellant was free from negligence contributing to his injury. Judgment affirmed.