## DOTY v. DETROIT CITIZENS' STREET-RAILWAY CO.

STREET RAILWAYS — PERSONAL INJURIES — CONTRIBUTORY NEGLIGENCE.

> A business man of good intelligence, who had lived in a city for a number of years, and was familiar with the running of street cars, stepped off a car, started to cross the street, and was struck by a car on a parallel track, which he claimed was shut from his sight by the first car. He testified that he saw a car on the farther track a block away, but not the car which struck him. *Held*, that he was guilty of contributory negligence, precluding a recovery for his injuries.

Error to Wayne; Donovan, J. Submitted January 30, 1902. Decided February 11, 1902.

Case by Wirt P. Doty against the Detroit Citizens' Street-Railway Company for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Frederic T. Harward*, for appellant.

*Brennan, Donnelly & Van De Mark*, for appellee.

Moore, J. Plaintiff sued to recover a judgment for personal injuries received by him. The circuit judge directed a verdict for defendant. The case is brought here by writ of error.

The plaintiff is a business man, of good intelligence, who has lived in Detroit a number of years, and who is familiar with the running of street cars. Woodward avenue is one of the main thoroughfares of the city of Detroit, and in the center of the street the defendant maintains a double-track electric railway. The cars run out on the easterly or right-hand track, and into the city on the west track. Plaintiff was aboard an outgoing car on the evening of the accident, and the car stopped at the corner of Willis avenue for him to alight. There was a car in the rear of his car, going in the same direction as the car on which he was riding, about a block away. He knew that cars ran frequently in both directions upon this avenue. As he swung off the car, he claims, he looked up the street, and saw a car coming down town at Canfield avenue, which was a block away. It is his claim that he then started across the track in the rear of the car he had just left, listening and looking, and was struck by a car which was shut off from his line of vision by the car he had just left; that he did not see or hear the car until he was struck. The record shows the tracks are four feet and eight inches apart. The car from which the plaintiff alighted had a smoker or extension platform.

It is apparent that by a moment's delay, allowing the car which he had just left time to move forward, the plaintiff would have a view of the track which would en-

able him to see any approaching car. It is also evident, if he had exercised ordinary care before attempting to step upon the track upon which the car was approaching which injured him, he would have seen the car. Upon the facts as disclosed by his own testimony, he was guilty of contributory negligence, and the court properly directed a verdict in favor of defendant. *Henderson* v. *Railway Co.*, 116 Mich. 368 (74 N. W. 525); *Doherty* v. *Railway Co.*, 118 Mich. 209 (76 N. W. 377, 80 N. W. 36); *McCarthy* v. *Railway Co.*, 120 Mich. 400 (79 N. W. 631).

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.