tablish his identity. If, however, there is but one Sitomer, and he has been doing business with Bradkowsky, and has permitted himself to be introduced as the partner of Bradkowsky, he may be liable.

I am of the opinion, therefore, that that part of the judgment dismissing the complaint against the defendant Sitomer should be reversed, and a new trial granted.

That part of the judgment of the Municipal Court dismissing the complaint against the defendant Sitomer reversed, and new trial ordered; costs to abide the event. All concur.

(123 App. Div. 90.)

WILSON v. ROCHESTER & E. R. RY. CO.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1908.)

CARRIERS—ACTIONS FOR INJURIES—SUFFICIENCY OF EVIDENCE—CONTRIBUTORY NEGLIGENCE.

Where a street railway passenger, without waiting for the car to stop, jumped off and immediately started in the rear of the car to cross the other tracks, and a moment's notice would have apprised him, either by the corner lights of the car which struck him or by the sound, that the car was approaching, a finding that he was free from contributory negligence is against the weight of evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1396, 1397.]

Appeal from Trial Term, Monroe County.

Action by Arthur Wilson against the Rochester & Eastern Rapid Railway Company for personal injury. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and a new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Edward Harris, Jr., for appellant.
Howard H. Widener, for respondent.

McLENNAN, P. J. The accident which is the subject of this controversy occurred in Monroe avenue, in the city of Rochester, N. Y., at about 11:15 p. m. on the night of April 24, 1906. The plaintiff was struck by one of defendant's cars and suffered the injuries of which he complains. The plaintiff was a mail carrier, and on the night in question was delivering mail. He boarded a west-bound Monroe avenue car belonging to and being operated by the Rochester Railway Company. The defendant was running its car over the tracks of the Rochester Railway Company, and at the time of the accident one of the defendant's cars was on its way from Exchange street, in the city of Rochester, to Geneva. As the car of the defendant passed Edmund street it struck the plaintiff, who had just alighted from the car of the Rochester Railway Company while it was in motion and started to cross at the rear of such car across the tracks upon which the defendant's car was approaching. The plaintiff did not wait until the car upon which he was riding stopped, but jumped off from it while it was in motion, and immediately started to go behind the

car from which he had alighted, on the track upon which might be expected an approaching car from the opposite direction. Under such circumstances we think it was incumbent upon the plaintiff to have seen to it before attempting to cross the other track of the railroad that another car was not approaching. The plaintiff says he took and exercised this precaution by looking; but it is apparent that if he had looked intelligently he could have seen the approaching car. The corner lights upon the car was concededly lighted and burning, and it is established by the preponderance of evidence that the headlight of the approaching car was also burning. Besides, there was absolutely no reason for those operating the defendant's car to suppose that at the place in question there would be any person alighting from the Rochester Railway Company's car who would desire to cross the tracks. The car upon which the plaintiff was riding had not stopped; in fact, did not stop. He jumped off while it was in motion, and there was nothing to indicate to the approaching car of the defendant that any person had alighted from the Rochester car.

It is said that the defendant's car was going at the rate of 30 miles an hour, and that there was no headlight upon it. We think such finding, if it led to a finding of the defendant's negligence, was against the weight of the evidence. We also conclude that the finding that the plaintiff was free from contributory negligence, under all the circumstances, is against the weight of the evidence. It seems to us that the evidence almost conclusively establishes that the plaintiff was guilty of contributory negligence. He rung for the car to stop at a certain street. Without waiting for the car to so stop, he jumped off and immediately started in the rear of the car to cross the other tracks; and it is apparent that a moment's notice would have apprised him, either by the corner lights or by the sound, that a car was approaching. But he went onto the other track heedlessly and thoughtlessly, and was injured. It seems to us clear that the plaintiff was guilty of contributory negligence, and also that the finding of the jury, under all the circumstances, that the defendant was guilty of negligence, is against the weight of the evidence.

It follows that the judgment and order appealed from should be reversed, and a new trial ordered, upon questions of law and of fact, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.