# Yevsack *v.* Lackawanna & Wyoming Valley Railroad Company, Appellant.

*Negligence—Electric railway—Street railway—" Stop, look and listen"—Contributory negligence.*

A person who walks in front of a moving car which he saw or could have seen by the exercise of the reasonable care which the law requires, will be conclusively presumed to have been negligent.

Where a passenger alights from an electric car at a point where there are platforms along the tracks, and a passageway extending from one platform to the other, and goes behind the car from which he alights and is struck by a car on the next track, he cannot recover, if it appears either that he did not look for the car, or seeing it, took the chance of crossing in front of it. In such a case the fact that the passageway was provided by the railway company for the use of persons going from one platform to the other, is a fact to be considered in determining the passenger's negligence, but it does not relieve him from the exercise of reasonable care. The care required in its use is not the ordinary care required of a passenger who must cross a track between his train and the station, but the greater care of a person at a crossing over which he knows trains constantly pass.

Argued April 14, 1908. Appeal, No. 2, Jan. T., 1908, by defendant, from judgment of C. P. Luzerne Co., Jan. T., 1905, No. 13, on verdict for plaintiff in case of Michael Yevsack *v.* The Lackawanna & Wyoming Valley Railroad Company.

Before Mitchell, C. J., Fell, Mestrezat, Potter and Stewart, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Lynch, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,391. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John P. Lenahan*, with him *Richard B. Sheridan*, for appellant.—The fact that plaintiff was struck before he cleared the south bound track, shows clearly that when he looked from his position east of the south bound track and again between the rails he must have seen the approaching car on the south bound track, and brings the case directly within the rule laid down in Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Holden v. Penna. R. R. Co., 169 Pa. 1; B. & O. R. R. Co. v. Schwindling, 101 Pa. 258; Irey v. Penna. R. R. Co., 132 Pa. 563; Morgan v. R. R. Co., 1 Monaghan, 122; Boring v. Union Traction Co., 211 Pa. 594; Baker v. Penna. R. R. Co., 182 Pa. 336.

*John McGahren*, with him *John A. Mangan*, for appellee, cited: Penna. R. R. Co. v. White, 88 Pa. 327; Flanagan v. R. R. Co., 181 Pa. 237; Kohler v. R. R. Co., 135 Pa. 346.

Opinion by Mr. Justice Fell, May 25, 1908:

The defendant operates a double-track electric railroad eighteen miles in length between Wilkes-Barre and Scranton. Midvale, where the accident happened, is on the line of this road but it is not a regular stopping place. Cars stop there only on signal to take on or let off passengers. There is a platform on either side of the tracks, raised three or four inches above them. A plank walk twelve feet wide and twenty-three feet long, level with the tracks, extends from one platform to the other. Between the tracks there is a fence about four feet high which extends 130 feet in either

direction from the walk. The town of Midvale is west of the tracks, and persons going from it to the east platform or to it from this platform are required to use the plank walk.

The plaintiff lived in Midvale, rode on the cars frequently, and was familiar with the situation. On a September evening, when it was dusk, he got off a north bound car onto the east platform, and, as the car moved from the station, he crossed the track behind it on the plank walk and was struck by a south bound car when stepping from the west track to the west platform. He testified that he looked north when on the east platform, again when on the east track, and again when between the rails of the west track; that the last time he looked, he saw the car from which he had alighted 200 feet away, but saw no car approaching on the west track, although he could see up that track 250 feet. One of his witnesses, who was standing on the west platform waiting for a car, a place less favorable for observation because of a curve in the road, testified that he could see up the track 300 feet and that he saw the car when it was that distance from the crossing, and another testified that the car that struck the plaintiff was fifty feet from the station when the car from which he had alighted had gone thirty feet from it.

It was the plaintiff's duty to look, after he had crossed the east track and passed the fence, before attempting to cross the west track. At this point he was within seven feet of the west platform and could see up the track 250 or 300 feet. The car was lighted and there was nothing to prevent his seeing it as his witness saw it. It could not first have come into view after he had looked. The testimony of the plaintiff's witnesses in relation to speed was that the car was running "pretty fast," "very fast," "as quick as she always goes into the station." These witnesses all agreed that the car was stopped within 150 feet of the crossing. In considering the plaintiff's testimony in the light most favorable to him, the conclusion is irresistible that he did not look or that he saw the car and took the chance of crossing in front of it. The case is within the rule, that a person who walks in front of a moving car which he saw or could have seen by the exercise of the reasonable care which the law requires, will be conclusively presumed to have been negligent.

That the passageway over the tracks was provided by the defendant company for the use of ·persons going to or from the east platform, was a fact to be considered in determining the plaintiff's negligence; but it did not relieve him from the exercise of reasonable care.  It was not a place where passengers alighted, nor a way leading from the place where they alighted to the station to which they were going, which they might assume would be kept clear of trains and be safe at the time.  It led from the platform on the east to the street and, while its use was a convenience and it may be a necessity, it was not a place where passengers stood in getting on or off cars.  The care required in its use was not the ordinary care required of a passenger who must cross a track between his train and the station, but the greater care of a person at a crossing over which he knows trains constantly pass.

The judgment is reversed, and judgment is now entered for the defendant.