## DUETZ v. LOUISVILLE AND SOUTHERN INDIANA TRACTION COMPANY.

[No. 7,003.   Filed April 29, 1910.   Rehearing denied November 29, 1910.   Transfer denied January 10, 1911.]

1. RAILROADS.—*Interurban.*—"*Look and Listen*" *Rule.*—*Streets.*—*Contributory Negligence.*—The "look and listen" rule governing the conduct of persons at highways crossed by steam railroads does not apply in its strictness at the crossing of a city street by an interurban company. *Indianapolis St. R. Co.* v. *Tenner,* 32 Ind. App. 311, *Stowers* v. *Citizens St. R. Co.,* 21 Ind. App. 434, *Citizens St. R. Co.* v. *Helvie,* 22 Ind. App. 515, *Indianapolis St. R. Co.* v. *Zaring,* 33 Ind. App. 297, overruled. p. 694.

2. RAILROADS.—*Interurban.*—*Crossing Tracks of, in Streets.*—*Contributory Negligence.*—*Jury.*—Whether a pedestrian in crossing an interurban railroad company's track when the car was but a half block distant was guilty of contributory negligence is a question for the jury. p. 694.

From Clark Circuit Court; *William C. Utz,* Special Judge.

Action by Louise Duetz, as executrix of the will of Bernard Duetz, deceased, against the Louisville and Southern Indiana Traction Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*J. K. Marsh,* for appellant.

*Charles D. Kelso* and *George H. Voigt,* for appellee.

ROBY, J.—Appellant brought this action to recover damages on account of the death of her decedent, averred to have been caused by appellee's negligence.

The case was tried upon the issue made by a general denial to the sixth, seventh, eighth and ninth paragraphs of the complaint. Demurrers were sustained to the first five para-

graphs, and such action is challenged by assignment and argument; but inasmuch as the judgment will have to be reversed on other grounds, these questions will not be taken up, it being evident that the averments of the four paragraphs held good are inclusive of all that preceded.

After plaintiff had closed her evidence-in-chief, the court instructed the jury to return a verdict for defendant, and judgment was rendered thereon. Plaintiff moved for a new trial, and presents for review the question of the correctness of such instruction.

Decedent was struck by an electric street-car on Court avenue in the city of Jeffersonville. There is a steam railroad track on the north side of said street, the street-car track being twenty-one and nine-tenths feet south thereof. The track of the steam railroad curves to the south at the west side of Wall street, which intersects Court avenue west of that point. The tracks of the two roads are parallel to that point. The Pennsylvania Railway Company's yards and depot are on the east side of Wall street and north of Court avenue. On the occasion when decedent was killed, a locomotive stood on the track at Wall street, with cars attached to it reaching back to the railroad ground. Steam was escaping from the engine. Decedent came from the north, passed around or by the locomotive, and was struck by an electric car from the east. It was on Sunday morning. Decedent, who was an elderly man, was going home from church, was walking rapidly, and was apparently oblivious of the approaching car, which was running rapidly, one witness estimating its speed at twenty miles, and others at from twelve to fifteen miles, an hour. The gong on the car was ringing.

The negligence averred includes a charge that the car was run at a dangerous rate of speed, in view of the condition that it was not equipped with efficient brakes, etc.

1. That there was evidence supportive of the averment of appellee's negligence, is not denied; but the action of

the court, in giving a peremptory instruction, is defended on the sole ground that decedent was guilty of contributory negligence. In support of this position appellee cites the following cases decided by this court: *Indianapolis St. R. Co.* v. *Tenner* (1904), 32 Ind. App. 311; *Stowers* v. *Citizens St. R. Co.* (1899), 21 Ind. App. 434; *Citizens St. R. Co.* v. *Helvie* (1899), 22 Ind. App. 515; *Indianapolis St. R. Co.* v. *Zaring* (1904), 33 Ind. App. 297.

These cases proceeded upon the theory that the ''look and listen'' rule, applicable to steam roads which cross public highways, was applicable, in all of its strictness, to persons crossing a street railway track laid in a city street. The effect of an adherence to this doctrine would have been to convert public thoroughfares into private rights of way, depriving persons using such streets with vehicles or on foot of the protection of the law while so doing. These considerations caused an abandonment of the doctrine, and the cases cited are not expressive of the law. *Indianapolis St. R. Co.* v. *O'Donnell* (1905), 35 Ind. App. 312; *Indianapolis St. R. Co.* v. *Bolin* (1906), 39 Ind. App. 169; *Indianapolis St. R. Co.* v. *Schmidt* (1905), 35 Ind. App. 202; *Indianapolis St. R. Co.* v. *Seerley* (1905), 35 Ind. App. 467; *Saylor* v. *Union Traction Co.* (1907), 40 Ind. App. 381; *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490; *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 7 L. R. A. (N. S.) 143; *Evansville St. R. Co.* v. *Gentry* (1897), 147 Ind. 408, 37 L. R. A. 378, 62 Am. St. 421.

The test of decedent's conduct is that of reasonable care in view of the circumstances. There is testimony that the car was at the middle of the block when decedent started across the open space between the tracks. Whether his conduct was negligent, was for the jury. *Union Traction Co.* v. *Vandercook* (1904), 32 Ind. App. 621; *Indianapolis St. R. Co.* v. *O'Donnell* (1905), 35 Ind. App. 312; *Indianapolis St. R. Co.* v. *Hoffman* (1907), 40 Ind. App. 508.

It is not necessary to amplify, nor to enumerate facts

shown by the record to which the jury might give weight on this question. The peremptory instruction ought not to have been given.

It is not necessary to consider the point made that a peremptory instruction cannot be given in favor of the party having the burden, where the issue depends on parol evidence. *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32.

Judgment reversed, with instruction to sustain appellant's motion for a new trial.