ALZINA CRITCHFIELD, ADMINISTRATRIX, APPELLEE, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED JANUARY 15, 1916. No. 18504.

Street Railways: ACTION FOR DEATH: CONTRIBUTORY NEGLIGENCE. Plaintiff's decedent, a young business man who lived in the city of Omaha and was familiar with the operation of street cars, stepped from a north-bound moving car opposite the termination of Templeton street. He immediately went around the back end of the car from which he had alighted and started to cross a parallel track without looking or listening for an approaching car. He came in contact with, and was killed by, a south-bound car which is alleged to have been running at an excessive rate of speed on the parallel track. *Held*, that he was guilty of contributory negligence precluding a recovery.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed.*

*John L. Webster* and *W. J. Connell*, for appellant.

*Matthew Gering* and *Sutton, McKenzie, Cox & Harris*, *contra.*

BARNES, J.

This was an action by the administratrix of the estate of Harlon Critchfield against the Omaha & Council Bluffs Street Railway Company to recover damages alleged to have been sustained by the widow and next of kin by the killing of plaintiff's decedent. A trial in the district court for Douglas county resulted in a verdict for the plaintiff for $6,000, upon which the court rendered a judgment, and the defendant has appealed.

The record before us discloses that on the night of October 3, 1912, Critchfield, who was familiar with the movements of street cars, became a passenger on one of defendant's cars north-bound at Twenty-fourth street and Ames avenue in the city of Omaha, intending to alight at

the intersection at the north side of Templeton street, which street does not cross Twenty-fourth, but terminates at the east side of that street. As the car approached the north line of Templeton street, while it was still running at a speed of from two to six miles an hour, and before it reached the regular stopping place, Critchfield got off from the moving car and immediately went west around the south end of the car without looking or listening for the approach of the south-bound car, with which he came in contact, on a parallel track. The projection at the end of the front vestibule struck his head. The impact threw him back to the southeast and just across the north-bound track. He was taken to a hospital, where he died without having fully recovered consciousness.

The witnesses who saw the accident do not materially differ in their testimony in any important particular.

It was admitted by defendant that Critchfield received a wound on the frontal bone of the head over the right eye, which resulted in a complex fracture; the skull was crushed, such as could only result from a terrific impact. The fracture extended towards the right jaw and caused a counter fracture at the base of the brain. He had an injury on the back of his right hand and was unconscious most of the time until his death in November. There was a contused wound, not an abrasion, upon the inside of the left leg about eight inches above the heel.

It clearly appears that this is not a case where the car on which Critchfield was a passenger had come to a stop at the usual place for discharging passengers. Neither is it a case where one car was passing another car which had come to a stop and was in the act of discharging its passengers. It is a case where a passenger got off a moving car while it was opposite the termination of a city street, and at a time when the car from which he alighted was running at a speed of from three to six miles an hour.

99 Neb. 16

The record shows that Critchfield's actions were such as to establish a clear case of contributory negligence on his part, which was the proximate cause of his death.

In *Doty v. Detroit Citizens' Street R. Co.*, 129 Mich. 464, it was said: "It is apparent that by a moment's delay, allowing the car which he had just left time to move forward, the plaintiff would have a view of the track which would enable him to see any approaching car. It is also evident, if he had exercised ordinary care before attempting to step upon the track upon which the car was approaching which injured him, he would have seen the car. Upon the facts as disclosed by his own testimony, he was guilty of contributory negligence, and the court properly directed a verdict in favor of defendant."

In *Deane v. St. Louis Transit Co.*, 192 Mo. 575, it was said: "The unfortunate accident in this case would easily have been avoided if the deceased had taken the slightest care to prevent it. Instead of doing so, he walked onto the track, or so close to it as to be injured, without looking for an approaching car, but with his eyes fixed in an opposite direction, and, as some of the witnesses say, reading his paper while he walked. The conclusion is irresistible that the deceased was guilty of contributory negligence which cuts off a recovery, even though the defendant could properly, under the evidence in the case, be said to have been guilty of negligence, for there is no evidence whatever of any recklessness or wantonness in the case. It follows that the judgment of the circuit court must be reversed."

In *Shuler v. North Jersey Street R. Co.*, 75 N. J. Law, 824, it was stated that the plaintiff alighted from a car, passed around the rear platform, and was struck by the corner of the fender of a car approaching at an excessive speed on the other track, just as he reached the nearest rail of that track. He looked for the approaching car just as he was struck. The trial court allowed plaintiff to recover, but the appellate court reversed this judgment, saying: "The excessive speed of the car is persuasive of

Critchfield v. Omaha & C. B. Street R. Co.

negligence on the part of the defendant, but we fail to see how it relieves the plaintiff of the charge of contributory negligence for not looking, or for not waiting until the obstruction to his vision by the car from which he had alighted was removed. The speed of the car in no way prevented him from seeing its approach, and the faster it was going the less excuse he had for advancing in a direction across its track. If it were going so fast that the motorman obviously did not intend to respect his right, he would have been guilty of negligence in attempting to cross."

Plaintiff strenuously contends that the defendant was negligent in not sounding the gong on the car with which Critchfield came in contact. As to that question, several witnesses testified that the gong was sounded, while others stated that they did not hear it sounded. This evidence should not prevail over the positive statements of disinterested witnesses who testified that they heard the gong sounded.

The cases cited by plaintiff in support of the right of recovery are distinguishable from the facts in the case at bar.

In conclusion, we are satisfied that the record discloses such contributory negligence on the part of Critchfield that there should be no recovery in this case. The trial court, therefore, erred in overruling defendant's motion for a directed verdict. The judgment of the district court is reversed and the cause is remanded.

REVERSED.

MORRISSEY, C. J., dissenting.

LETTON, J., not sitting.