LAWS v. HAMMOND, WHITING AND EAST CHICAGO RAILWAY COMPANY.

[No. 10,216.    Filed June 25, 1920.    Rehearing denied November 17, 1920.    Transfer denied May 17, 1923.]

1. APPEAL.—*Review.—Instructions.—Construction.*—In considering alleged errors in instructions, each instruction must be considered in its relation to the other instructions given, and with reference to the evidence, and, if, taken as a whole, they fairly state the law applicable to the evidence, there is no reversible error.    p. 655.

2. TRIAL.—*Instructions.—Scope of Subject Matter.*—Not all of the law of a case need be given in one instruction, but different controlling principles may be stated in separate instructions.    p. 655.

3. CARRIERS.—*Injuries to Persons on Tracks.—Contributory Negligence.—Instructions.—Knowledge of Approach of Car.*—In an action against a street railway company for injuries to a passenger who had alighted from a car and, passing around the rear thereof, was struck by a car on a parallel track, an instruction that, if plaintiff knew that the car which struck him was approaching, or in the exercise of reasonable observation and care for his own safety might have known it, and notwithstanding such knowledge, proceeded upon the track in front of the car, he could not recover, *held* not erroneous as applied to the evidence.    p. 656.

4. CARRIERS.—*Injuries to Persons on Tracks.—Reliance on Custom as to Stopping Street Cars.—Instructions.*—In an action against a street railway company for injuries to a person who had just alighted from a car, and, passing around the rear thereof, was struck by a car on a parallel track, where an instruction was given that, if it had been the custom of defendant to stop its cars before crossing a certain street, and, if the custom was known to plaintiff, he had a right to rely thereon and act accordingly, further instructions that his right to rely on the custom did not relieve him from the duty of making a reasonable exercise of his senses of sight and hearing to learn of the approach of a car before entering upon the tracks, and that, even though such custom was followed by defendant, plaintiff could not enter upon the tracks at the point where he was injured acting upon the assumption that he would not be struck because of the observance of such custom, *held* not erroneous.    p. 659.

5. CARRIERS.—*Injuries to Persons on Tracks.—Instructions.—Applicability to Evidence.—Passenger Alighting after Leaving*

*Regular Stop.*—In an action against a street railway company for injuries to a person who was struck by a car on a parallel track just after passing behind a car from which he had alighted, an instruction that if plaintiff alighted from the car. after it left the regular stopping place and while it was in motion, he assumed the risk, *held* applicable to the evidence, although plaintiff was not injured while in the act of alighting from the car. p. 660.

6. CARRIERS. — *Street Railroads.* — *Operation.* — *Passing Cars Sounding Gong.*—In an action against a street railway company for injuries to a person who was struck by a passing car after going behind the car from which he had just alighted, an instruction that defendant was not required to sound a gong or give other warning when one of its cars was passing 'a car going in the opposite direction, unless it appeared from the evidence that it was reasonably required to anticipate that some one might be passing from the rear of one car upon the track in front of the other car, *held* correct. p. 660.

From LaPorte Circuit Court; *James F. Gallaher,* Judge.

Action by John Laws, by his next friend, Francis Laws, against the Hammond, Whiting and East Chicago Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*William J. Whinery* and *Darrow & Rowley,* for appellant.

*Frank E. Osborn, Fred C. Crumpacker* and *Edwin H. Friedrich,* for appellee.

NICHOLS, J.—This action by appellant to recover damages for personal injuries sustained on account of the negligence of appellee was commenced in the Lake Circuit Court from which a change of venue was taken by appellee. Thereupon the cause was sent to the Porter Circuit Court, from which court a change of venue was taken by appellant, and the cause sent to the La-Porte Circuit Court.

The complaint, which is in one paragraph, was answered by a general denial. So much of the complaint as is necessary for this decision is as follows:

On March 30, 1915, and for many years prior thereto, appellee was operating a street railway in the city of Hammond; on said date appellee owned and operated upon its tracks a large number of electric street cars in and through the streets of said city; one of the streets upon which appellee operated its street car line was Hohman street, running north and south and one of the principal streets of said city; the appellee's line of street railway on said Hohman street consisted of two tracks north of the Grand Calumet river and between said Grand Calumet river and Gostlin street; the cars from the business part of said city, carrying passengers, therefrom, going north, pass out and over the east track of appellee's line upon said Hohman street, and the cars coming into the business part of said city from the north pass over the west track; the cars on the said line running in both directions on said Hohman street are run on schedule time, and are run both north and south on said line, at intervals of about twenty minutes; according to the schedule, and system of running such cars, appellee's cars going in opposite directions were accustomed to and did have regular and usual meeting places and points; the cars going north in stopping for passengers always stopped at the south of the cross streets, and the cars going south, in stopping for passengers, always stopped on the north of the cross streets; as soon as the passengers alighted said cars were started suddenly and rapidly in order to keep up the schedule time; one of the cross streets crossing said Hohman street north of the Grand Calumet river is Hoffman street, which said street crosses and intersects said Hohman street at right angles, said Hoffman street extending east and west; upon said Hoffman street, said appellee also operated a line of cars; west of said Hohman street said Hoffman street continued west as a paved thoroughfare, without any car tracks thereon, in-

tersecting with Sheffield avenue, one of the principal streets of said city; on March 30, 1915, it was, and for more than two years prior thereto had been, the rule and custom of appellee to stop all cars operated and run over said Hohman street from the north over said westerly track on the north side of said Hoffman street, at a point approximately twenty-five feet north of the north line of said Hoffman street; and to cause each and all of its said cars to come to a full stop at said point before crossing said Hoffman street; on said date appellant lived on the west side of said Hohman street; appellant knew, and had known for more than two years, of the custom of said appellee to stop its cars as aforesaid, each and all of the employes, agents, servants and officers of said appellee likewise knew of said rule and custom; and it had been and was the rule and custom of appellee, when one of its cars operated on said westbound track, southbound on said Hohman street, should be about to meet or pass a car on said east track, northbound on said Hohman street, at or near an intersecting street, when passengers had been discharged from said northbound car, to sound its gong as a warning signal of its approach and intention to pass said northbound car; appellant knew of said custom and had known of same for more than two years prior to said date; said custom was known to all employes, servants and agents of said appellee and had been known to them for more than two years prior to said date.

On March 30, 1915, appellant took passage on one of appellee's said cars running upon its said line upon said Hohman street, in the business part of said city, to ride to his home on Hohman street; his home was about one hundred feet north of the intersection of said Hoffman street on said Hohman street; to reach said home he was compelled to cross the double tracks of said appellee on said Hohman street, and go north on said street;

when said car on which appellant was so riding approached said Hoffman street, it did not come to a full stop for appellant and other passengers to alight therefrom until it had reached a point about or a little north of the center of said Hoffman street; when said car did come to a stop at the point aforesaid, it immediately started suddenly and rapidly northward before appellant could alight therefrom, and appellant was carried to the north side of said Hoffman street before he was able to alight from said car; he alighted from said car at the rear, and on the east side thereof, being the proper and only alighting place; at the time he alighted he did not see nor hear any other car approaching on said west track coming from the north; the car from which he had alighted started suddenly and rapidly northward, and the machinery and gearing wheels of said car made a very great and loud noise; appellant did not hear the sound of any gong or signal of any other car approaching on said west track coming from the north, and knowing and relying upon the rule and custom of said appellee as aforesaid, to stop all cars, he started across the said east track behind said car towards his home; just as he passed westward across said east track, and just as he was passing on and over the west track, and just as the car from which he had alighted started northward, as aforesaid, another car on said west track came rapidly from the north, moving at a high and dangerous rate of speed of about twenty-five miles per hour, and without sounding any gong or giving any signal, warning or notice of its approach, and without slacking its speed or stopping, as was the custom so to do, as aforesaid, said appellee carelessly, negligently and recklessly approached and ran said car across said Hoffman street at a high and dangerous rate of speed; appellant did not see nor hear

said approaching car until said car, so negligently run and operated as aforesaid, was almost upon him; he made all possible exertion to avoid contact and collision with said car, but while so doing, the said car being so run and operated at said dangerous and reckless high rate of speed, ran upon and against him, struck him with great force and violence, hurled him a great distance, and threw him upon the hard pavement, by reason of which he sustained great and serious injuries, all of which are permanent; and are specifically described in the complaint. All these injuries were occasioned by the fault and negligence of the appellee, as aforesaid, and without any fault or negligence of appellant. Prayer for judgment in the sum of $25,000.

The cause was tried by a jury which rendered a verdict in favor of appellee, and judgment was entered against appellant accordingly.

Appellant filed a motion for a new trial which was overruled, to which ruling appellant excepted, and now prosecutes this appeal. The only error assigned and relied upon for reversal is that the court erred in overruling the motion for a new trial.

Under the error assigned, appellant complains of the giving of certain instructions by the court on its own motion and of the court's refusal to give certain 1, 2. instructions tendered by appellant. In considering such errors, it is not the rule of the court to consider each instruction given or refused, separately and apart from the other instructions given and as an abstract proposition of law, without regard to the evidence to which it may or may not apply. On the contrary, each instruction must be considered in its relation to the other instructions given, and with reference to the evidence given. Not all of the law of the case need be given in one instruction, but different control-

ling principles may be stated in separate instructions. If the instructions taken as a whole, fairly state the law applicable to the evidence, there is no reversible error.

Appellant most earnestly contends that the seventh instruction given by the court was erroneous, and that its giving constitutes reversible error. This instruction is to the effect that if the plaintiff knew that the defendant's southbound car was approaching on its southbound track, or in the exercise of reasonable observation and care for his own safety might have known that the same was approaching, and notwithstanding such knowledge, if any, proceeded upon said track in front of said car and was struck and injured, then, under such circumstances, he could not recover.

3.

Appellant bases his contention largely upon the authority of *Saylor* v. *Union Traction Co.* (1907), 40 Ind. App. 381, 81 N. E. 94. In that case the controversy was as to whether the injured person was guilty of contributory negligence, and he testified that when he was within three or four feet of the track, he looked down the track forty or fifty feet, and that he neither saw nor heard the car that struck him. After so glancing down the track, he stepped near the track and was immediately struck. The court, after stating that the trial court at the request of appellee, gave a number of instructions defining contributory negligence, all of which were as strongly in favor of the appellee as they could well be drawn without directly contravening the law, then said that an instruction which in effect told the jury that if the injured party saw the car approaching the crossing and still endeavored to cross in front of it, he was guilty of negligence, and could not recover, was not the law. The court then said: "The mere fact that a traveler can see an approaching car by which he is afterwards struck, does not in itself establish his contributory negligence. It must not only be approaching,

but must be in such close proximity that, taking into account the reasonable rate of speed for such places and under present conditions, or apparent rate of speed at which the car is traveling, a reasonably prudent man would not attempt to cross." The court's statement of the law covers the condition in the case at bar. Appellant had just alighted from a northbound car, and was passing northwesterly in the rear thereof, which car obstructed his view of the approach of the southbound car, he entered immediately upon the track of the southbound car, and was struck. The northbound car was then 15 or 20 feet away. He did not look for the approaching car, but looked only in the direction he was going. In the exercise of reasonable observation for his own safety he might have known that the car was approaching, and in the exercise of ordinary care and prudence, seeing it, would not have entered on the track. He had just put his right foot over the east rail, when he saw the car, at which moment it struck him. If appellant had known that the southbound car was approaching in such close proximity, and with such knowledge entered upon the track, he would have been guilty of contributory negligence. To such a condition the instruction applies, and was not erroneous. If, as appellant says, he did not look, and hence did not know until the moment he was struck, he was still guilty of contributory negligence, and he cannot recover. While, as a general proposition, the instruction may not always be expressive of the law, as applied to the facts in this case it is not erroneous. The cases of *Indianapolis St. R. Co.* v. *Tenner* (1903), 32 Ind. App. 311, 67 N. E. 1044; and *Stowers* v. *Citizens Street R. Co.* (1899), 21 Ind. App. 434, 52 N. E. 710, are similar in facts to the instant case, and express the law in harmony with this opinion. In the case of *Duetz* v. *Louisville, etc., Traction Co.*

(1910), 46 Ind. App. 692, 91 N. E. 622, each of the two cases last cited is criticized as "proceeding upon the theory that the 'look and listen rule,' applicable to steam roads which cross public highways, was applicable, in all its strictness, to persons crossing a railway track laid in a city street." While we recognize that there is a difference in the application of the said rule of "look and listen" as to the two kinds of carriers, yet we think that a careful reading of the said cases, so criticized, will disclose that they are neither subject to the above criticism.

In each of the following cases, a passenger alighting from a car and passing around the rear thereof where he was struck by a car on a parallel track, coming from the opposite direction, was held guilty of contributory negligence. *Thomas* v. *Railway Co.* (1909), 79 Kans. 335, 99 Pac. 529; *Eagen* v. *Jersey City, etc., R. Co.* (1907), 74 N. J. Law 699, 97 Atl. 24, 11 L. R. A. (N. S.) 1058, 12 Ann. Cas. 911; *Shuler* v. *North Jersey Street R. Co.* (1907), 75 N. J. Law 824, 69 Atl. 180, 127 Am. St. 834; *Reed* v. *Metropolitan Street R. Co.* (1905), 180 N. Y. 315, 73 N. E. 41; *Axelrod* v. *New York City Ry.* (1905), 109 App. Div. 87, 95 N. Y. Supp. 1072; *Wilson* v. *Rochester, etc., R. Co.* (1908), 108 N. Y. Supp. 117; *Wadsworth* v. *Cleveland Elec. R. Co.* (1904), 78 Ohio St. 432, 72 N. E. 1166; *Smith* v. *City R. Co.* (1896), 29 Ore. 539, 46 Pac. 136; *Morice* v. *Milwaukee E. R. & L. Co.* (1906), 129 Wis. 529, 109 N. W. 567; *Gallinger* v. *Toronto Railway* (1904), 8 Ont. L. Rep. 698; *Yevsack* v. *Lackawanna, etc., R. Co.* (1908), 221 Pa. 493, 70 Atl. 837, 18 L. R. A. (N. S.) 519, 128 Am. St. 746; *Hornstein* v. *United Railways Co.* (1906), 195 Mo. 440, 4 L. R. A. (N. S.) 729, 113 Am. St. 693, 6 Ann. Cas. 699; *Doty* v. *Detroit, etc., R. Co.* (1902), 129 Mich. 464, 88 N. W. 1050; *Harten* v. *Brightwood R. Co.* (1901), 18 App. D. C. 260; *Creamer* v. *West End R.* (1892), 156

Mass. 320, 21 N. E. 391, 16 L. R. A. 490, 32 Am. St. 456; *Giardina* v. *St. Louis, etc., R. Co.* (1904), 185 Mo. 330, 84 S. W. 928; *Buzby* v. *Philadelphia Traction Co.* (1889), 126 Pa. 559, 17 Atl. 895, 12 Am. St. 919; *Baltimore Traction Co.* v. *Helms* (1897), 84 Md. 515, 36 Atl. 117, 36 L. R. A. 215; *Metropolitan St. R. Co.* v. *Ryan* (1904), 69 Kans. 538, 77 Pac. 267; *Deane* v. *St. Louis Transit Co.* (1906), 192 Mo. 575, 91 S. W. 505; *Doyle* v. *Albany R. Co.* (1896), 5 App. Div. 601, 39 N. Y. Supp. 440; *Haynes* v. *Boston Elevated Railway* (1910), 204 Mass. 249, 90 N. E. 419 (Directly in Point); *Maynard* v. *Rochester R. Co.* (1910), 136 App. Div. 212, 120 N. Y. Supp. 917.

Instructions Nos. 6, 9, 10 pertain to the custom of appellee with reference to its operation of cars at the place of the accident. Appellant complains that instructions Nos. 9 and 10 are erroneous. No. 6 instructed the jury that if it had been the custom of appellee to stop all cars running southbound, on Hohman street, on the north side of Hoffman street, and to bring the cars to a full stop before crossing such street, and if appellant knew of such custom, he had a right to rely thereon, and to act accordingly.

Instruction No. 9 instructed the jury that while appellant had a right to so rely, yet he was not relieved or excused from the duty of making a reasonable exercise of his senses of sight and hearing to learn of the approach of a car upon the appellee's track before entering upon the same.

Instruction No. 10 instructed the jury that if it was the custom of appellee to stop its cars at the north line of Hoffman street, then appellant could not enter upon appellee's tracks at a point north of the place of such customary stop, acting upon the assumption that he would not be struck by a southbound car because of the observance of such custom. The three instructions

taken together state the law very comprehensively, with reference to the custom of appellee as applied to this case, and there was no error in giving instructions Nos. 9 and 10, along with No. 6. We see no error in instruction No. 11. It was certainly most favorable to appellant.

Instruction No. 12 instructed the jury that it is the duty of a passenger to alight at a regular stopping place if given an opportunity, and that if he alights from the car after the car has left the regular stopping place, and while the car is in motion, he takes the risk. It is true that appellant was not injured while in the act of alighting from the car, but had he alighted at the stopping place as he might have done he would not have been injured. His injury resulted from alighting from the car and passing around the rear of it after it left the stopping place, and on to the other track. The instruction may fairly be applied to such evidence.

Instruction No. 13 instructed the jury that appellee was not required to sound a gong or give other warning when one of its cars was passing a car going in the opposite direction, unless it could be said under the evidence that it was reasonably required to anticipate that some one might be passing from the rear of one of its cars upon the track in front of the other car. As applied to this case, this is certainly the law. When running between stopping points, and between cross streets a street car company cannot anticipate that passengers will be jumping off its cars, or that pedestrians will be crossing its tracks, in the rear of one car to the front of another, and in the absence of any other negligence than failing to give warning, such company should not be required to respond in damages, in case of injury under such circumstances.

Instructions Nos. 14 and 15 are clear statements of

the law of evidence, as applied to the credibility of witnesses, and we do not need to discuss them.

Appellant tendered seventeen instructions which were refused, and appellant predicates error on such refusal. Appellant has not gone into detail in his discussion of alleged errors in such refusal, nor do we deem it necessary so to do. Such of the instructions as were proper, were covered by instructions given. The instructions given, taken as a whole, fully state the law as applied to the issues.

Judgment affirmed.

Batman, J., and Dausman, J., each concur in the result.

Remy, J., dissents with opinion.

## DISSENTING OPINION.

REMY, J.—Instruction No. 7 referred to in the prevailing opinion is as follows: "If you find from the evidence that the plaintiff knew that the defendant's southbound car was approaching on its southbound track, or in the exercise of reasonable observation and care for his own safety might have known that the same was approaching, and notwithstanding such knowledge, if any, proceeded upon said track in front of said car and was struck and injured, then, under such circumstances, and if you so find, the plaintiff cannot recover."

This instruction, which is mandatory in character, is not, in my opinion, a correct statement of the law. The mere fact that a pedestrian about to cross a street can see an approaching street car, by which he was afterwards struck while crossing the street, does not in itself establish the contributory negligence of such pedestrian. Before a pedestrian can be held guilty of contributory negligence in crossing a street ahead of an approaching street car, it must appear that because of

its close proximity, or its rate of speed, a person in the exercise of ordinary care, under all the circumstances, would not have attempted to cross.

The evidence shows that appellant had just alighted from a northbound car, and having passed around the rear of said car was struck by one of appellee's cars coming from the north on a parallel track. It also appears from the evidence that, as appellant well knew, it had long been the custom of appellee to slow down and stop all southbound cars at said point, and had been its custom to sound the gong of a car when passing another car headed in the opposite direction, and which had stopped to discharge passengers. It was also in evidence that the car which struck appellant was not slowed down or stopped and that the gong on said southbound car was not sounded as it approached and passed the car from which appellant had alighted, as had been the custom of appellee.

In determining the care required of a pedestrian who desires to cross a street ahead of an approaching car, it is proper to take into consideration the care that such pedestrian has a right, under the law, to expect from those who are operating the street car. The pedestrian and motorman each have a right to assume that the other is, at the time, in the exercise of due and ordinary care. The court in giving the instruction overlooked these fundamental principles. The error was not cured by other instructions given.

The case of *Saylor* v. *Union Traction Co.* (1907), 40 Ind. App. 381, 81 N. E. 94, is a well-considered case, and in my judgment cannot properly be distinguished from the case at bar.

In my opinion, it is especially unfortunate that the court by its prevailing opinion should attempt to reestablish as the law of this state the statements found in *Indianapolis St. R. Co.* v. *Tenner* (1903), 32 Ind. App.

NOVEMBER TERM, 1922. 663

Frankfort, etc., Ins. Co. v. Lafayette Tel. Co.—79 Ind. App. 663.

311, 67 N. E. 1044, and *Stowers* v. *Citizens St. R. Co.* (1899), 21 Ind. App. 434, 52 N. E. 710, which cases were discredited by this court in the case of *Duetz* v. *Louisville, etc., Traction Co.* (1910), 46 Ind. App. 692, 91 N. E. 622. A petition to transfer having been denied by the Supreme Court, the Duetz case is a ruling precedent of that court, and in every way binding on this court. To re-establish the cases above referred to must also discredit the cases of *Indianapolis St. R. Co.* v. *Schmidt* (1904), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478, and *Indianapolis St. R. Co.* v. *O'Donnell* (1905), 35 Ind. App. 312, 73 N. E. 163, 74 N. E. 253, the former of which is also a Supreme Court precedent, a petition to transfer to that court having been denied. The prevailing opinion would also be out of harmony with the opinion of the Supreme Court written by Gillett, C. J., in the case of *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490, 77 N. E. 745.

For the reasons herein stated, the cause should be reversed.