PUBLIC ADMINISTRATOR OF STATE OF MICHIGAN v. CITY OF DETROIT.

1. STREET RAILWAYS—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

In an action for the alleged negligent killing of plaintiff's decedent, where it appears that decedent was running north across double street car tracks looking ahead and not towards the approaching cars, that he would have been hit by an east-bound car had the brakes not been applied, and that he was hit by a west-bound car because its speed was not reduced in time to let him pass, he was guilty of contributory negligence as a matter of law.[1]

2. SAME.

A reasonably prudent man will not take a chance of street cars slowing up to let him cross a street.[2]

Error to Wayne; Webster (Arthur), J.    Submitted

[1]Street Railroads, 36 Cyc. pp. 1537, 1623; [2]Id., 36 Cyc. p. 1534. Attempting to cross in front of observed street car as contributory negligence, see note in L. R. A. 1917C, 692.

January 12, 1926. (Docket No. 107.) Decided March 20, 1926.

Case by the public administrator of the State of Michigan, administrator of the estate of Hedir Sadik, deceased, against the city of Detroit for the alleged negligent killing of plaintiff's intestate. Judgment for defendant. Plaintiff brings error. Affirmed.

*Francis A. Hilton,* for appellant.

*Charles P. O'Neil* and *Edmund A. McQuillan* (*Clarence E. Page,* of counsel), for appellee.

WIEST, J. The forenoon of September 30, 1922, Hedir Sadik was killed by a street car on Gratiot avenue in the city of Detroit. Plaintiff was appointed administrator of his estate and brought this suit to recover damages from the defendant city, owner of the street car system. The trial judge held the deceased guilty of contributory negligence and left to the jury the question of whether his negligence should have been discovered by the operator of the street car in time to have avoided the accident. Upon such issue the jury found in favor of defendant.

Plaintiff reviews by writ of error, claiming the negligence, if any, of the deceased was, under the evidence, a question of fact for the jury, and the court was in error in holding otherwise.

Hedir Sadik was a push cart peddler. About 10 o'clock the morning of September 30, 1922, he pushed his cart east on Gratiot avenue, and, at the intersection of Rivard street, wanted to cross to the north side of Gratiot. Gratiot avenue has double street car tracks. Sadik, in crossing the south track, had to hurry on account of an approaching street car from the west and the operator of that car had to apply brakes to avoid striking him. While he was crossing the

north track a street car from the east struck him just as he was about to step free of the track.   It is claimed the street car was about 200 feet away from him when he started to cross its track and continued to approach at a speed of about 15 miles per hour, and this placed him in great peril, from which he could have been saved from injury had his position been duly observed and the speed of the car lessened. Sadik would have been struck by the east-bound car if brakes thereon had not been applied and was struck by the west-bound car because its speed was not reduced in time to let him pass.   The testimony shows he was running across the track looking ahead and not towards the approaching car.   We think, under the evidence most favorable to plaintiff, Sadik was not exercising due care, and, conceding the negligence of the operator of the car, the only question of fact was whether this negligence of the operator continued after Sadik's peril should have been discovered.

Requests prepared by counsel for plaintiff called for instructions upon the discovered negligence of plaintiff's decedent.   One car had to reverse to save Sadik from injury; the other car if it had reversed might also have saved him from injury.   He tried to cross at a time when the operators of two cars would have to give heed to his careless position if his safety was preserved.   A reasonably prudent man will not take a chance of street cars slowing up to let him cross a street.

Other errors assigned have no importance in view of what we have said.

The judgment is affirmed, with costs to defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.