SMITH *v.* GRAND RAPIDS RAILWAY CO.

1. STREET RAILWAYS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   A pedestrian who crossed to the east over a street railway track in front of an approaching south-bound car only two car lengths away, and then, to avoid being struck by a north-bound car, stepped back onto the track and was struck and injured by the south-bound car, was guilty of contributory negligence as matter of law.

2. SAME—DISCOVERED NEGLIGENCE—GROSS NEGLIGENCE—LAST CLEAR CHANCE.
   A pedestrian who was caught on the "devil's strip" between two street car tracks, and was struck and injured by a south-bound car when she stepped back to avoid a north-bound car, may not recover for the negligence of the motorman on the north-bound car in failing to slow down after he should have discovered her peril, where the action was not planted or tried on the claim of discovered negligence.

   BIRD, J., dissenting.

Error to superior court of Grand Rapids; Verdier (Leonard D.), J.    Submitted May 3, 1927.    (Docket No. 170.)    Decided December 1, 1927.    Rehearing denied January 19, 1928.

------

[1]Street Railroads, 36 Cyc. pp. 1537, 1629; [2]Appeal and Error, 3 C. J. § 625; Street Railroads, 36 Cyc. p. 1576.

Case by Lue Smith against the Grand Rapids Railway Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Arthur F. Shaw,* for appellant.

*Knappen, Uhl & Bryant,* for appellee.

BIRD, J. (*dissenting*). Plaintiff is a resident of Grand Rapids. On the afternoon of June 10, 1925, she was out shopping and was at the southwest corner of Monroe and Huron streets, intending to cross to the east side of Monroe street. Monroe street extends north and south at that point, and Huron street east and west. Defendant operates a double-track railway on Monroe street. Plaintiff looked both ways as she was leaving the curb, and saw a street car approaching slowly from the north about two car lengths away, and also saw one approaching from the south, a block away, at the usual speed. She proceeded to the tracks and passed over the south-bound track in safety. She then proceeded to the strip between the tracks, and as she was about to step on to the north-bound track she saw the north-bound car only 20 feet away, coming very rapidly. She concluded that it was not prudent to attempt to cross, and stepped back to the west just in time to get struck by the south-bound car. She was seriously injured and she brought this suit to recover her damages. Her declaration charged that defendant operated its cars on Monroe street so carelessly, recklessly, and negligently that they ran into her, thereby greatly injuring her. The trial resulted in a directed verdict for defendant on the grounds that no negligence had been shown on the part of defendant and because plaintiff was guilty of contributory negligence.

Defendant's Negligence. Plaintiff testified that

when she first saw the north-bound car a block away it was going in the usual way that cars were operated on Monroe street.   When it reached the place of the accident it was going fast—one witness says 15 or 20 miles an hour.   The south-bound car and plaintiff's hazardous position in the devil's strip were in plain view of the motorman of the north-bound car, and the record shows no attempt on his part to slacken the speed of his car.   Had the north-bound motorman operated his car at the legal speed of seven miles an hour, as he did further down the street, plaintiff would have had ample time to cross in safety, or had he slackened his speed when he saw plaintiff's position in the devil's strip, she would have escaped injury. These questions were questions of fact and should have been submitted to the jury.

The ordinance of Grand Rapids on the question of speed was introduced, and it showed that the speed of street cars at that point was limited to 7 miles an hour.   The uncontradicted testimony was that the car was being operated at from 15 to 20 miles an hour. This was evidence of negligence.   *Westover* v. *Railway Co.,* 180 Mich. 373.   The question of defendant's negligence, under all the circumstances, was one for the jury.

Plaintiff's Contributory Negligence.   When starting across the street plaintiff looked both ways.   The car approaching from the south was a block away, and coming in the ordinary or legal way.   The car approaching from the north was approaching slowly. It cannot be said, as a matter of law, that she was negligent because she started across under these conditions.   Much is said about plaintiff's lack of attention to the south-bound car.   This is not very material because she passed in safety in front of that car.   Her judgment as to whether she could cross in safety in front of that car was verified.   She acted prudently in not going in front of the north-bound car, but un-

fortunately, in her excitement, she forgot the southbound car and stepped back just in time to be struck by that car. Undoubtedly, when plaintiff found herself in the devil's strip with the prospect of being struck by one or both of the cars she was more or less excited, and this fact should be taken into consideration by the jury in determining the question as to whether she was guilty of contributory negligence. *Myler* v. *Bentley*, 226 Mich. 384. As to whether she acted prudently and used ordinary care in attempting to cross in the first instance, and whether she used ordinary care while attempting to cross were questions for the jury and not for the court. *Prince* v. *Railway*, 192 Mich. 194; *Hickey* v. *Railway*, 202 Mich. 496; *Golob* v. *Railway*, 228 Mich. 201; 25 R. C. L. p. 1242.

In the last citation it is said:

"*Negligence at Crossings:* Where a pedestrian or traveler is approaching a street crossing toward which a car is approaching, the duty to stop and avoid a collision is on the party who can most easily and readily adjust himself to the exigencies of the case; and as to whether or not the person in charge of the car used the proper degree of care depends upon all the facts and circumstances. Although a street car or other vehicle moving along the street has a right, also, to pass over the crossing, yet it behooves the motorman of the electric car, or the driver of any other vehicle, to be vigilant in approaching a cross-walk, so as to avoid injury to a foot passenger, even though the latter may be careless in hurrying over. It is the duty of a motorman, when he approaches a public crossing, to look and ascertain whether or not the track is clear, to sound the gong as a warning, and to keep his car under control. A failure to do this is negligence on the part of the street railway company."

The cases relied upon by defendant are: *McGee* v. *Railway Co.*, 102 Mich. 107 (26 L. R. A. 300, 47 Am. St. Rep. 507); *Doherty* v. *Railway Co.*, 118 Mich. 209; *McCarthy* v. *Railway Co.*, 120 Mich. 400; *Doty* v. *Railway Co.*, 129 Mich. 464; *Public Administrator* v.

*City of Detroit,* 234 Mich. 314; *Molby* v. *Railway,* 221 Mich. 419.

By reason of the peculiar circumstances surrounding this accident the foregoing authorities are easily distinguishable from the present case and are not very helpful. We think both questions were for the jury and that the superior judge was in error in not submitting them.

Judgment should be reversed, with costs of this court to plaintiff, and a new trial ordered.

WIEST, J. I think plaintiff was guilty of negligence. Plaintiff was clear of the way of the car on the south-bound track, had reached a position in the path of the north-bound car, and, to avoid being struck by that car, stepped back in front of the south-bound car. The peril she encountered arose from her own want of care. What should or could the motorman of the south-bound car have done? Should he have kept watch of plaintiff after she had passed his car and have noticed the danger zone she was entering? If so, the same duty of considering her going was upon plaintiff. Should the motorman of the north-bound car have noticed her approach to his track and have noted the peril she was walking into in time to have slowed down and let her pass? The suit was not planted or tried on the claim of discovered negligence. I think the cases cited by defendant, and listed in my Brother's opinion, are applicable and point the decision rendered in the superior court.

The judgment is affirmed, with costs to defendant.

SHARPE, C. J., and FELLOWS and CLARK, JJ., concurred with WIEST, J. McDONALD, J., concurred in the result.

The late Justice SNOW and Justice STEERE took no part in this decision.