## GIARDINA, Appellant, v. ST. LOUIS & MERAMEC RIVER RAILROAD COMPANY.

### Division One, December 22, 1904.

1. **CONTRIBUTORY NEGLIGENCE: Stepping on Car Track: Not Looking.** A pedestrian who steps on a car track without looking to see if a car is approaching thereon, and is struck by such a car, is guilty of such contributory negligence as bars his right to recover for the consequent injuries, notwithstanding the car approached the crossing without sounding the bell, as the rules of the company required and as he had observed was the custom. It such case his negligence contributed to the accident.

2. ——: ——: ——: **Case Stated.** There was a distance of six feet and ten inches between the inside rails of the double-track road, and a distance of one foot between cars thereon. Plaintiff's brother had boarded an east-bound car on the south track, and plaintiff coming from the north ran across the north track, gave his brother a key, and stopped to listen for the sounding of a bell on any car that might be approaching the crossing on the other track, and, hearing none, attempted to cross that track, was struck by a west-bound car which could have been seen had he looked for it, and which was running at about the same rate it usually did in the middle of blocks, and which did not sound the bell or slow up as it approached the crossing or as it passed a car standing still, as the rules of the company required. Plaintiff was familiar with the track and the running of cars thereon, and testified that he had observed that cars there usually sounded the bell as they passed a car standing still. *Held*, that, notwithstanding the company was guilty of negligence in running the car at that place at the rate it did and in passing another without sounding the bell, the plaintiff was guilty of contributory negligence in not looking for the approaching car before stepping upon the track, and, hence, cannot recover, and the trial court correctly gave a peremptory instruction for defendant on the theory that plaintiff failed to observe that degree of care that is to be expected of a man of ordinary prudence in like circumstances.

Appeal from St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney*, Judge.

Affirmed.

*Lee Meriwether* and *A. E. Hausman* for appellant.

The question is—and it is practically the sole question in this case—was plaintiff guilty of contributory negligence when he relied on defendant's rule and custom to ring a gong when a moving car approaches and passes a standing car? Does the law impose upon one so situated as was the plaintiff at the time of this accident to do more than he did to ascertain if a car was approaching? Appellant holds that he did all the law requires him to do under the circumstances. Geitz v. Railroad, 72 Wis. 307 (cited in Seymore case, 114 Mo. 273). Had the space between defendant's tracks on Manchester avenue been wider, or had defendant's cars not projected so far out over the tracks, plaintiff could have looked from behind the east-bound car without danger; as it was, plaintiff could not look without at the same instant getting in a position where he would be struck by a west-bound car, if one happened at the moment to be passing. There was surely no obligation upon plaintiff to remain on the south side of Manchester avenue until defendant's east-bound car got out of the way; the testimony in this case does not show how long the east-bound car remained at the corner of Barron and Manchester avenues. Suppose it stood there an hour, its machinery being out of order—must plaintiff then wait an hour before being entitled to cross the street? If not, and if he can not see approaching west-bound cars, because of the east-bound car obstructing the view, does he not do all that can be lawfully required of him when he listens for the gong which he knows it is defendant's rule and custom to ring when approaching a standing car? Van Natta v. Railroad, 133 Mo. 23; Bumbridge v. Railroad, 36 Mo. App. 684; Smith v. 3d Line, 18 Wash. 351; Traction Co. v. Scott, 33 L. R. A. 127; Walker v. Railroad, 51 L. R. A. 632; Railroad v. Snell, 32 L. R. A. 276; McDonald v. Railroad, 127 Mo. 43.

*Jefferson Chandler* and *J. Lionberger Davis* for respondent.

(1) The court did not err in nonsuiting plaintiff at the close of plaintiff's evidence. Buzby v. Traction Co., 17 Atl. 895; Berryhill v. Peabody, 75 N. W. 221; Turner v. Railroad, 74 Mo. 602; Boyd v. Railroad, 105 Mo. 371; Hite v. Railroad, 130 Mo. 132; Fuchs v. St. Louis, 167 Mo. 631; Weller v. Railroad, 120 Mo. 635; Kelsay v. Railroad, 129 Mo. 362; Asphalt Co. v. Railroad, 102 Mo. App. 469; Davies v. Railroad, 159 Mo. 1; Hanselman v. Railroad, 88 Mo. App. 123. (2) Plaintiff's petition charges defective machinery and negligence in running the car. The petition is otherwise infirm. Pat. Mo. Code Pl., sec. 421, n. 1; Edens v. Railroad, 72 Mo. 213; Gayle v. Car Co., 177 Mo. 428. (3) Plaintiff was guilty of contributory negligence, barring his right to recover. Authorities cited under point 1.

VALLIANT, J.—Plaintiff received personal injuries by coming in collision with a street car on defendant's railroad in St. Louis, and brings this suit to recover damages, alleging that the accident was the result of the defendant's negligence.

At the close of the plaintiff's evidence the court gave the jury a peremptory instruction to find for the defendant, and the jury rendered a verdict in accordance with the instrutcion. From the judgment on that verdict the plaintiff appeals.

The evidence for the plaintiff tended to prove as follows:

Manchester avenue runs east and west; Barron avenue crosses it running north and south. Defendant owns a double-track street railroad in Manchester avenue; the south track is for the east-bound cars, and the north track for the cars west-bound. The distance between the south rail of the north track and the north

rail of the south track is six feet ten inches. On the occasion with which we are now concerned a car going east on the south track had crossed Barron avenue, and stopped to receive passengers with its rear end at the east line of Barron avenue. Plaintiff came running, to give his brother, who had just boarding that car, a key; he ran south in Barron avenue, crossed the north track of the railroad and came to the rear end of the car that had stopped, as above mentioned, and handed his brother, who was by that time on the rear platform, the key; then he turned to go back on the way he came, stepped on or near the north track, and was struck by a west-bound car on that track and received severe injuries. When the car struck plaintiff, it dragged him 100 feet, then ran 100 feet farther before it stopped. At the moment the car struck plaintiff, it was going as fast as it usually goes in the middle of a block; there was no gong sounded or other signal of its approach.

The printed rules of the company were in evidence, and showed that it was the duty of the motorman to sound the gong when within 100 feet of the crossing, and repeat it once or twice on approaching, nearing the crossing, also to sound the gong at 50 feet before meeting another car and while passing it; when passing a car that is stopped the motorman is required to slow up, have his car under control and sound his gong freely.

Plaintiff testified that he had noticed that it was a custom of the company, in the operation of its cars, to have the motorman of a car which was approaching a car that had stopped, to sound his gong and go slowly and, knowing this custom, he, before attempting to cross the north track, paused behind the eastbound car and listened, but hearing no gong, concluded that no car was coming west, stepped out and was struck.

The tracks looking east from where the plaintiff

stood were straight for 1000 feet and the car coming. west could have been seen from that distance if one had been looking.

It may be conceded that the defendant was negligent in running its car at a high rate of speed and without sounding the gong past a standing car from the rear of which the motorman ought to have known that people were liable to pass. It is not likely that the peremptory instruction was given on the theory that no negligence of the defendant was shown, but rather, that the plaintiff failed to observe that degree of care that was to be expected of a man of ordinary prudence, and that his negligence contributed with the negligence of the defendant to produce the injury complained of.

Plaintiff was familiar with the location and also with the movements of the cars; he had even taken such notice of the operation of the cars that he was aware that it was the custom for a running car, passing one that had stopped, to be checked in its speed and its gong sounded freely. He was so confident of this custom that he seemingly on this occasion staked his life on its observance, for, after pausing to listen for the sound of the gong and hearing none, he stepped on the north track or in front of the coming car without looking and was struck. From where he stood the body of the east-bound car shut off his view to the east, but one who was as familiar with the movements of the cars as he said he was, in fact, any man of common experience in the plaintiff's place, should have known that in a moment the east-bound car would have gone and the obstruction to his vision would have been removed. But even if he had not had that moment to spare he could have leaned forward beyond the line of the standing car in perfect safety and have seen the west-bound car coming. The measured distance between the tracks was six feet ten inches. One witness for plaintiff said that the distance between two cars

passing on those tracks was about one foot, but he also said that the distance between the tracks was about four feet; he had made no measurement for either estimate; he was short two feet and ten inches in his estimate as to the distance between the tracks. But even if the space between the passing cars was only one foot, it was sufficient to enable the plaintiff to have looked and if he had looked he would have seen the car coming and would not have been hurt. His act in stepping on or near the north track without looking for the westbound car was negligence and it contributed to cause the accident. If authorities are needed to sustain this view of the law, they may be found in the cases cited in the brief for respondent, and the cases cited in the brief for appellant are not to the contrary.

The court did right to direct a verdict for the defendant on the plaintiff's evidence. The judgment is affirmed.

All concur, except *Robinson, J.,* absent.