ROSE ZLOTNIKOFF, RESPONDENT, v. ROLLA WELLS, RECEIVER OF UNITED RAILWAYS COMPANY OF ST. LOUIS, APPELLANT.*

St. Louis Court of Appeals. Opinion filed May 3, 1927.

**1.—Appellate Practice—Failure to Stand on Demurrer to Plaintiff's Evidence—Waiver—Demurrer to Evidence at Close of Case—Review—Inferences.** Where defendant offers a peremptory instruction in the nature of a demurrer to the evidence at the close of plaintiff's case, which was refused, but did not stand upon this demurrer, but instead put in his own evidence and thereafter, at the close of the whole case, renewed his request for a peremptory instruction to find in his favor which was refused, the correctness of the court's ruling on the last request is the only point reviewable, and, in reviewing same, plaintiff must be given the benefit of testimony that was adduced in her behalf as well as of any favorable testimony given by defendant's witnesses, in addition to which she must be allowed the benefit of all reasonable inferences of fact on all the proof.

**2.—Street Railroads—Negligence—Walking Behind Street Car in Front of Another—Failure to Look—Death—Contributory Negligence.** In an action for damages instituted by plaintiff for the death of her husband, who died as a result of having been struck by a street car, where the evidence showed that decedent, possessed of all his faculties, was a passenger on a westbound car and alighted from the rear end thereof at a usual stopping place, and, just as the car from which he had alighted started to move forward, he walked around the rear end thereof directly toward the eastbound track, with his eyes to the ground, looking neither to the right nor to the left, and was struck by an eastbound car, receiving the injuries from which he died, held that decedent, by going upon the track without taking such precautions for his own safety, as not only the law, but also the dictates of common prudence, required, was guilty of contributory negligence, as a matter of law.

**3.—Same—Same—Same—One Entering Upon Street Car Track—Duty to Look and Listen.** It is the duty of one about to enter upon a railroad track, and before going upon it, to look and listen in both directions for cars, provided by looking or listening he would be enabled to discover their approach; the law demanding of such person the exercise of ordinary care, and what is ordinary care depends upon the circumstances of the particular case.

**4.—Same—Same—Same—Obstructions—Removed—Failure to Look—Contributory Negligence.** Where the view of a person is obstructed as he approaches a railroad track, he must look in both directions for approaching cars, after he passes the obstruction and reaches a point from which looking would be rendered effective, and he is guilty of contributory negligence, as a matter of law, if he fails to observe an approaching car in time to avoid a collision, when he could have done so had he looked immediately after passing the obstruction.

**5.—Death by Wrongful Act—Person Killed by Street Car—Ordinary Care—Presumptions—Eyewitnesses.** In an action by plaintiff for damages for the death of her husband, who died as a result of having been struck by a street car, the law does not accord a presumption, as exists in many death cases, that decedent's movements met the test of ordinary care, where the facts as to his conduct were disclosed by several eyewitnesses, from which it follows that such friendly presumption may not be reckoned with as a factor.

**6.—Street Railroads—Negligence—Walking Behind Street Car in Front of Another—Failure to Look—Death—Humanitarian Doctrine—Case for the Jury.** In an action for damages for death, decedent having been struck and killed by a street car, evidence that the motorman of the car negligently failed to exercise ordinary care to stop his car or slacken the speed thereof after the decedent had placed himself in a position of peril, **held** to justify the submission of the case to the jury under the last-chance doctrine, there being substantial evidence in the case from which the jury might have found that decedent was in a perilous position, of which the motorman had actual or constructive knowledge; that such motorman had the present ability, with the means at hand, to have averted the casualty without injury to himself or those upon his car, but that he negligently failed to do so and decedent was injured thereby.

**7.—Evidence—Witnesses—Credibility—Province of Jury.** It is the right of the jury to believe a part of the testimony of any witness and discredit another part.

**8.—Instructions—Contributory Negligence—Appearing as Matter of Law—Instruction Submitting Issue to Jury—Error.** An instruction, which submitted the issue of decedent's contributory negligence to the jury, when the same conclusively appeared as a matter of law, was error.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 765, n. 85, 91, 93; p. 773, n. 2; Death, 17CJ, p. 1304, n. 77, 79; Street Railroads, 36Cyc, p. 1536, n. 55; p. 1537, n. 57, 60; p. 1538, n. 64; p. 1539, n. 67, 72; p. 1541, n. 78, 79; p. 1627, n. 52; p. 1631, n. 75; Trial, 38Cyc, p. 1549, n. 45; Witnesses, 40Cyc, p. 2594, n. 98.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Frank Landwehr, Judge.

REVERSED AND REMANDED.

*Charles W. Bates, T. E. Francis, J. F. Evans* and *B. G. Carpenter* for appellant.

(1) The trial court erred in failing and refusing to give the peremptory instructions offered at the close of plaintiff's case and at the close of the whole case for the following reasons: (a) Plaintiff's decedent was guilty of contributory negligence as a matter of law in walking from directly behind the westbound street car in front of and in close and dangerous proximity to the eastbound car when, by the exercise of ordinary care, he could have seen and heard the approaching eastbound car in time to have averted the collision. Such contributory negligence is an effective bar to plaintiff's right of recovery under any primary assignment of negligence. Hornstein

v. U. R. Co., 195 Mo. 440, and cases cited; 871 Giardina v. St. L. M. &
R. R. R., 185 Mo. 330; Zeis v. U. R. Co., 217 S. W. (Mo. App.) 324,
and cases cited; Battles v. U. R. Co., 178 Mo. App. 596; Mockowik
v. Railroad, 196 Mo. 550; Stotler v. Railroad, 204 Mo. 619; Henderson
v. Railroad, 248 S. W. 987; Boyd v. W. & W. R. R., 105 Mo. 371;
Haffner v. St. Louis Transit Co., 197 Mo. 196; Rissler v. St. L. T.
Co., 113 Mo. App. 120; Bierman v. U. R. Co., 244 S. W. 94.    (b)
Plaintiff was not entitled to recover upon the last-chance theory of
negligence for the reason that the most favorable evidence demon-
strated conclusively that the motorman did not have any opportunity
to avoid a collision after plaintiff's decedent reached a position of
danger.  See authorities cited under point 1 (a).  (2)   Plaintiff's
instruction No. 1, which directed a verdict if the jury found that
the motorman could have stopped the car after he saw, or by the exer-
cise of ordinary care could have seen, plaintiff's decedent in a posi-
tion of peril, is unsupported by the evidence and was, therefore,
erroneously given.  See authorities cited under point 1 (a).   (3)
The trial court erred in giving plaintiff's instruction No. 2, which
submitted the case to the jury on negligent violation of the three-mile
speed ordinance, for the reason that the contributory negligence of
plaintiff's decedent was a complete bar to recovery under this theory.
See authorities cited under point 1 (a).   (4)   The trial court erred
in failing and refusing to give defendant's requested instruction
marked "A," which sought to withdraw from the jury that assign-
ment of negligence concerning the three-mile speed ordinance, for
the reason that plaintiff's decedent's contributory negligence was a
bar to recovery on this theory.  An assignment of negligence concern-
ing which no competent evidence is adduced to support it should be
withdrawn by instruction.  Roseman v. Railroad, 197 Mo. App. 337;
Sparkman v. Wabash, 191 Mo. App. 463; See authorities supra under
point 1 (a) of Points and Authorities. (5) The trial court erred in fail-
ing and refusing to give defendant's requested instruction marked
"B," for the same reasons set out, supra, under point 4 of Points
and Authorities.  (6)   The trial court erred in failing and refusing
to give defendant's requested instruction marked "C," which sought
to withdraw that assignment of negligence which charged the defend-
ant with failing to exercise that degree of care required by the last-
chance doctrine, for the reason that there was not sufficient evidence
to permit a recovery under this theory.   See cases cited under point
1 (a) of Points and Authorities.

*Bass & Bass, J. A. Golub* and *H. A. Loevy* for respondent.

BENNICK, C.—This is an action for damages instituted by plain-
tiff for the death of her husband, Aaron Zlotnikoff, who died on

October 24, 1923, as the result of having been struck by a street car, owned and operated by defendant. The verdict of the jury was for plaintiff, in the sum of $5000, and from the judgment rendered thereon defendant, after an unavailing motion for new trial, has perfected this appeal.

The petition counted upon five assignments of negligence, as follows: *First,* violation of the vigilant watch ordinance; *second,* violation of the fifteen-mile speed ordinance; *third,* violation of the ordinance limiting the speed of street cars to three miles an hour while passing other cars going in the opposite direction at a point where it is permissible for passengers to alight from or to board a car, and, also, a violation of that part of such ordinance requiring the motorman to give warning under such circumstances; *fourth,* negligent speed at common law; and, *fifth,* failure to observe the humanitarian doctrine.

The answer was a general denial, coupled with a plea of contributory negligence.

The reply was in conventional form.

This casualty occurred at the intersection of Walton and Easton Avenues, in the city of St. Louis. On Easton Avenue, defendant maintained tracks on which eastbound and westbound Wellston cars were operated. On the day in question, decedent was a passenger on a westbound Wellston car, and alighted from the rear end thereof at the usual stopping place on the east side of Walton Avenue. Just as the car from which he had alighted started to move forward, he walked around the rear end thereof directly toward the eastbound track, with his eyes to the ground, looking neither to the right nor to the left, and was struck by an eastbound car, receiving the injuries from which he died some two hours later.

Decedent was sixty-one years of age at the time, and enjoyed good health. It was further shown that the accident occurred about noon time; that the day was bright, with the sun shining, and that the distance between the south rail of the westbound track, and the north rail of the eastbound track, was five feet, four and one-quarter inches. The speed of the eastbound car was variously estimated at from five to thirty miles per hour.

Other details of the evidence will be hereafter noted as they may bear directly upon matters in issue.

The first assignment of error is directed at the action of the court in refusing to give defendant's peremptory instruction in the nature of a demurrer to the evidence, requested at the close of plaintiff's case. Inasmuch, however, as defendant did not stand upon this demurrer, but, instead, put in his own evidence, and thereafter renewed his request for a peremptory instruction to find in his favor, the correctness of the court's ruling on the last request, raised under

the second assignment of error, is the only point to be reviewed. [Frye v. St. Louis, I. M. & S. R. Co., 200 Mo. 377, 98 S. W. 566; Simpson v. Wells, 292 Mo. 301, 237 S. W. 520; Smiley v. Jessup (Mo. App.), 282 S. W. 110; Roberson v. Loose-Wiles Biscuit Co. (Mo. App.), 285 S. W. 127.]

The court withdrew from the jury the assignments of negligence pertaining to defendant's alleged violation of the vigilant watch, and fifteen-mile speed, ordinances. Plaintiff abandoned the assignment as to negligent speed at common law, and submitted her case to the jury by two instructions, No. 1, hypothesizing the facts necessary for a recovery under the last-chance theory upon the finding that the motorman negligently failed to stop or slacken the speed of his car after decedent had reached a position of peril; and, No. 2, directing a verdict for plaintiff upon a finding that defendant was guilty of a violation of the three-mile speed ordinance, and that decedent was in the exercise of ordinary care for his own safety. Within the limits thus set for us, we shall proceed to consider whether a case was made for the jury.

Defendant argues most earnestly that decedent was guilty of contributory negligence as a matter of law in walking from behind the westbound car directly in front of, or at least in close and dangerous proximity to the eastbound car, when, by the exercise of ordinary care, he could have seen and heard the approaching eastbound car in time to have remained in a position of safety. If this point is well taken, it is, as defendant suggests, an effective bar to plaintiff's right of recovery under any theory of primary negligence, and, for such reason, we shall direct our attention to it.

It is well established that it is the duty of one about to enter upon a railroad track, and before going upon it, to look and listen in both directions for cars, provided by looking or listening he would be enabled to discover their approach. The least that the law demands of such person is the exercise of ordinary care, and what is ordinary care depends upon the circumstances of the particular case. Where there are obstructions which add to the danger to be encountered, ordinary care requires that a commensurate precaution be taken on the part of the traveler. For such reason, where the view of a person is obstructed as he approaches a railroad track, he must look in both directions for approaching cars, after he passes the obstruction and reaches a point from which looking would be rendered effective, and it follows that he is guilty of contributory negligence, as a matter of law, if he fails to observe an approaching car in time to avoid a collision, when he could have done so, had he looked immediately after passing the obstruction.

In the case at bar, the evidence discloses that decedent, possessed of all his faculties, so far as the record shows, came around the

rear of the car from which he had alighted, as soon as the same was started forward, and walked directly into the danger zone, when the approaching eastbound car was in plain view, and, at most, only a few feet away. He undoubtedly was in a position to have seen the approaching car when he was yet more than five feet from the track, and was thus afforded an opportunity to have stopped in a place of safety. He was the master of his own destiny, and was confronted with no unusual situation, nor can it be said that there was an apprehension of peril so imminent as to have left no time for deliberation. The law does not even accord a presumption, as exists in many death cases, that his movements met the test of ordinary care, for the reason that the facts as to his conduct were disclosed by the several eyewitnesses, from which it follows that such friendly presumption may not be reckoned with as a factor. [Burge v. Wabash R. Co., 244 Mo. 76, 94, 148 S. W. 925; Monroe v. Chicago & A. R. Co., 297 Mo. 633, 653, 249 S. W. 644; Tetwiler v. St. Louis I. M. & S. R. Co., 242 Mo. 178, 145 S. W. 780; Wolf v. Wabash R. Co., 212 Mo. App. 26, 251 S. W. 441.]

Accordingly, it must be held to appear conclusively from plaintiff's own case that decedent went upon the track without taking such precautions for his own safety as not only the law but also the dictates of common prudence required. Such being true, the conclusion is inevitable that decedent in so doing was guilty of contributory negligence as a matter of law. [Hornstein v. United Rys. Co., 195 Mo. 440, 92 S. W. 884; Hafner v. St. Louis Transit Co., 197 Mo. 196, 94 S. W. 291; Giardina v. St. Louis & M. R. R. Co., 185 Mo. 330, 84 S. W. 928; Henderson v. St. Louis-S. F. R. Co. (Mo. Sup.), 284 S. W. 788; State ex rel. v. Bland (Mo. Sup.), 237 S. W. 1018; Battles v. United Rys. Co., 178 Mo. App. 596, 161 S. W. 614; Spaunhorst v. United Rys. Co., 209 Mo. App. 319, 238 S. W. 821; Zeis v. United Rys. Co. (Mo. App.), 217 S. W. 324.]

Turning now to the charge that the motorman of the eastbound car negligently failed to exercise ordinary care to stop his car or slacken the speed thereof after decedent had placed himself in a position of peril, we confess that the result to be reached is attended with certain difficulties, for the reason that there is a wide divergence of opinion among the witnesses as to the material facts of the case. But be that as it may, our duty will be fully performed when we determine whether there was substantial evidence in the case from which the jury might have found that decedent was in a perilous position, of which the motorman had actual or constructive knowledge; that such motorman had the present ability, with the means at hand, to have averted the casualty without injury to himself or those upon his car, but that he negligently failed to do so and decedent was injured thereby.

In searching the record upon this question, it is well agreed that plaintiff must be given the benefit of all testimony that was adduced in her behalf, as well as of any favorable testimony given by defendant's witnesses, in addition to which she must be allowed the benefit of all reasonable inferences of fact on all the proof. [Williams v. Kansas City S. R. Co., 257 Mo. 87, 165 S. W. 788; Stauffer v. Metropolitan Street R. Co., 243 Mo. 305, 147 S. W. 1032; Courtois v. American Car & Foundry Co. (Mo. App.), 282 S. W. 484; Gehbauer v. Hahn Bakery Co. (Mo. App.), 285 S. W. 170.]

Mindful of the above obligation resting upon us, we find that plaintiff's witness, James Narens, testified as follows:

"Q. How far was the front of the eastbound street car from him at the time he stepped onto the eastbound street car track? A. How far was he?

"Q. The front of the eastbound street car, in the best of your judgment, from where you were? A. Well, I would judge twenty feet—twenty-five feet."

In describing his version of the accident, the motorman, Elkins, gave the following testimony:

"Q. About how fast was your street car traveling at the time that you first saw this man? A. I was running about five miles an hour, I guess.

.    .    .    .

"Q. And within what distance did you stop? A. Well, about fifteen foot, I guess."

It is apparent, therefore, that the most favorable evidence in the whole case tending to support plaintiff's cause of action indicates that the motorman had twenty-five feet in which to stop, and that at the speed at which his car was traveling he could have and did bring the same to a stop within fifteen feet. We may, in fairness to all parties, concede that the complete testimony of neither witness standing alone would have shown a violation of the last-chance rule. But plaintiff was clearly entitled, not only to the effect of the testimony of her own witness, but also to the benefit of the facts and circumstances relied upon by defendant's motorman. [Anderson v. Davis (Mo. Sup.), 284 S. W. 439.] Furthermore, it was undoubtedly the right of the jury to believe a part of the testimony of any witness, and discredit another part. Finally, defendant has no cause for complaint, for the reason that the evidence of Narens was elicited on cross-examination, and, thereafter, aware of what the testimony of such witness had been, he took the chance of aiding plaintiff's case by introducing his own evidence. Inasmuch, therefore, as there was substantial evidence to justify the submission of the case to the jury under the last-chance doctrine, it follows that the demurrer to all the evidence was properly overruled.

Error is next assigned to the giving of instructions Nos. 1 and 2, for plaintiff, the purport of which we have heretofore indicated. In view of the conclusion we have reached regarding the sufficiency of the evidence to make a case under the humanitarian doctrine, it follows that the giving of instruction No. 1 upon such theory of the case was proper. However, the giving of instruction No. 2, which submitted the issue of decedent's contributory negligence to the jury, when the same conclusively appeared as a matter of law, was error. [Spaunhorst v. United Rys. Co., supra.]

Accordingly, the Commissioner recommends that the judgment of the circuit court be reversed, and the cause remanded.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, reversed, and the cause remanded. *Daues, P. J., Becker* and *Nipper, JJ.*, concur.